**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Ricardo HERNANDEZ, Appellant.**

Superior Court of Pennsylvania.

Argued May 11, 1999.
Filed May 22, 2000.
Reconsideration Denied July 28, 2000.

Lawrence J. Rosen, Harrisburg, for appellant.

K. Kenneth Brown, II, Asst. Dist. Atty., Lancaster, for the Com., appellee.

Before POPOVICH, ORIE MELVIN and BROSKY, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the order entered by the Court of Common Pleas of Lancaster County on September 4, 1998, which denied appellant's petition for leave to appeal *nunc pro tunc*. Upon review, we find that the lower court erred in refusing to grant appellant's petition to appeal *nunc pro tunc*. However, we need not remand this case for the filing of a direct appeal. Rather, given the present state of the record, we are able to resolve appellant's lone appellate claim, an attack upon the discretionary aspects of his sentence. Upon review, we find that the lower court did not abuse its discretion when fashioning appellant's sentence. Accordingly, we affirm appellant's judgment of sentence.

¶ 2 Herein, appellant questions:

I. Is Appellant entitled to an appeal nunc pro tunc when seeking to challenge the discretionary aspect(s) of sentence in a criminal proceeding when said sentence was rendered pursuant to a guilty plea and trial counsel failed to properly perfect Appellant's appeal, having been directed to do so by Appellant?

II. In an appeal to establish a Defendant's right to appeal nunc pro tunc, may the Court consider and rule on Defendant's underlying claims where a complete record is before the Court and the issues have been briefed?

III. Is a Defendant entitled to have his/her case remanded for resentencing where it is shown that the Sentencing Court failed to adequately support its sentence when that sentence was substantially beyond the aggravated range of the guidelines?

IV. Is a Defendant entitled to have his/her case remanded for resentencing where it is shown that the sentencing court clearly usurped the prosecution's prerogative and imposed the mandatory minimum where the record clearly demonstrates that the prosecution had agreed to waive the mandatory minimum?

V. Did the Sentencing Court's imposition of an aggregate sentence of ninety months when the **outer limits** of the **aggravated range** of the sentencing guidelines called for a sentence of no more than fifty two months constitute a complete departure from the sentencing guidelines and thus an abuse of discretion mandating that the case be remanded for resentencing?

VI. Did the sentencing judge's actions reflect such prejudice towards ap-

pellant and an unwillingness to adhere to the resentencing (sic) guidelines such that the present case should be remanded for resentencing before another judge?

Appellant's Brief, pp. 5–6.

¶ 3 The record reveals that on September 20, 1996, appellant pleaded guilty to one count of robbery, one count of aggravated assault, one count of recklessly endangering another person and three counts of criminal conspiracy. In exchange for appellant's guilty pleas, the Commonwealth agreed not to proceed under 42 Pa.C.S.A. § 9712, which, upon notice from the Commonwealth, requires the sentencing court to impose a five-year mandatory minimum sentence when the defendant visibly possesses a firearm during the commission of the crimes of robbery or aggravated assault, among other crimes. Guilty Plea Colloquy, 9/20/96, p. 3.

¶ 4 Following a presentence investigation, appellant was sentenced on January 17, 1997. The court sentenced appellant to a term of five to ten years of imprisonment for the robbery and a consecutive term of two and one-half to five years for the aggravated assault. The court also sentenced appellant to two terms of two and one-half to five years of imprisonment for the conspiracy to commit a robbery and the conspiracy to commit aggravated assault, to be served concurrently to one another and concurrently to the robbery sentence. The remaining offenses merged for sentencing purposes. During the sentencing, the court noted that the sentence recommended by the sentencing guidelines was "totally inappropriate" in light of the aggravating circumstances of this case.

¶ 5 Neither appellant nor his counsel objected to his sentence in any manner at the time of its imposition. Further, neither appellant nor his counsel filed a postsentence motion to modify sentence. Rather, appellant, through counsel, filed a notice of appeal on February 14, 1997. On February 21, 1997, the lower court directed appellant to file a concise statement of matters complained of on appeal within fourteen days, in accordance with Pa. R.A.P.1925. On March 10, 1997, the lower court filed its opinion, in which it noted that appellant did not comply with its order to file a Pa.R.A.P.1925 statement. Nevertheless, the court attempted to review "the unknown 'merits' of the appeal." Therein, the court opined that appellant's guilty plea was entered knowingly, intelligently and voluntarily and that the court was not limited in its sentencing options by the Commonwealth's agreement not to invoke the mandatory sentencing provisions of 42 Pa.C.S.A. § 9712.

¶ 6 On direct appeal, this court, in *Commonwealth v. Hernandez*, No. 00812 Philadelphia 1997, 704 A.2d 1117 (Pa.Super.1997), held that appellant's challenge to the discretionary aspects of his sentence had been waived due to counsel's failure to object to appellant's sentence at the time of its imposition, counsel's failure to file a motion to modify sentence and counsel's failure to file a concise statement of matters claimed on appeal, despite a court order so to do. *See Commonwealth v. Jarvis*, 444 Pa.Super. 295, 663 A.2d 790 (1995) (although motion to modify sentence is optional under Pa.R.Crim.P. 1410, defendant still must preserve challenge to discretionary aspects of sentence at the time of sentencing or in a motion to modify, so that the lower court has an opportunity to address the issue); *Commonwealth v. Egan*, 451 Pa.Super. 219, 679 A.2d 237 (1996) (Superior Court may address challenge to discretionary aspects of sentence even though claim was not raised in a motion to modify sentence where claim was raised in Pa.R.A.P.1925 statement and lower court addressed issue in its opinion).

¶ 7 On July 17, 1998, appellant, through new counsel, filed a petition for leave to appeal **nunc pro tunc**. Therein, he alleged that he directed his prior counsel to take all necessary steps to perfect a direct appeal properly from the discretionary aspects of his sentence. He specifically requested the court to find that

counsel rendered ineffective assistance due to his failure to preserve properly his constitutional right to appeal the discretionary aspects of his sentence. Finally, appellant asked the court to grant him the right to file a direct appeal *nunc pro tunc*.

¶ 8 On September 4, 1998, the lower court dismissed appellant's petition for leave to appeal *nunc pro tunc* and granted appellant leave to file a petition pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541–9546, subject to its provisions concerning eligibility for relief and filing deadlines. This appeal followed.

¶ 9 To begin, we note that appellant filed his petition for appeal *nunc pro tunc* on July 17, 1998. Several months earlier, this court, in *Commonwealth v. Lantzy*, 712 A.2d 288, 291 (Pa.Super.1998) (*en banc*), *reversed*, 558 Pa. 214, 736 A.2d 564 (1999), held that:

> If a defendant desires to assert that counsel's ineffective assistance deprived him of the right to appeal, causing him prejudice, but *not affecting the underlying verdict or adjudication*, the defendant can seek relief by requesting an appeal *nunc pro tunc*. *See Commonwealth v. Stock*, 545 Pa. 13, 19, 679 A.2d 760, 764 (1996)(granting a defendant an appeal *nunc pro tunc* where counsel failed to timely file a direct appeal and noting that "an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to appeal where that right has been lost due to extraordinary circumstances."). The fact that he will not be awarded relief under the PCRA does not prevent the petitioner from obtaining relief altogether.

¶ 10 Appellant's filing of a petition for leave to appeal *nunc pro tunc* in the present case, rather than a PCRA petition, clearly is a result of our decision in *Lantzy*. Appellant's lone issue on direct appeal was an attack upon the discretionary aspects of his sentence. Previous holdings of this court clearly indicated that a claim that counsel was ineffective for failing to

preserve a sentencing claim for direct appeal was not a cognizable PCRA claim under 42 Pa.C.S.A. § 9545(a)(2)(ii), since such an error by counsel could not "so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *See e.g., Lantzy*, 712 A.2d at 292 (claim that counsel was ineffective for advising defendant to withdraw his appeal and post-sentence motions was not a cognizable PCRA claim, since PCRA relief is available only for sentences greater than the lawful maximum); *Commonwealth v. Lewis*, 430 Pa.Super. 336, 634 A.2d 633, 636 (1993) (claim that counsel was ineffective for failing to file a motion to modify sentence is a challenge to the discretionary aspects of sentencing and, therefore, not cognizable under the PCRA), *appeal denied*, 539 Pa. 689, 653 A.2d 1228 (1994); *Commonwealth v. Grier*, 410 Pa.Super. 284, 599 A.2d 993, 996 (1991), *appeal denied*, 530 Pa. 639, 607 A.2d 250 (1992)(claim that counsel was ineffective for failing to preserve the issue of sentencing by filing a motion to modify sentence is outside the scope of the PCRA); *Commonwealth v. Wolfe*, 398 Pa.Super. 94, 580 A.2d 857, 860 (1990)(claim that counsel was ineffective for failing to challenge the discretionary aspects of sentence on appeal is not a cognizable PCRA claim since such an ineffectiveness claim does not affect the truth-determining process so as to render the adjudication of guilt unreliable).

¶ 11 Since appellant's ineffectiveness claim was grounded upon an issue that was not a cognizable PCRA claim, in that it did not relate to the verdict or adjudication of guilt, appellant accepted our invitation in *Lantzy* and filed his petition for leave to appeal *nunc pro tunc*. *Lantzy*, 712 A.2d at 291 ("If a defendant desires to assert that counsel's ineffective assistance deprived him of the right to appeal, causing him prejudice, but *not affecting the underlying verdict or adjudication*, the defendant can seek relief by requesting an

appeal *nunc pro tunc*.")(emphasis in original).

¶ 12 However, appellant's decision to file a petition for leave to appeal *nunc pro tunc* was made without the benefit of our Supreme Court's recent pronouncements in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999), *Commonwealth v. Chester*, 557 Pa. 358, 733 A.2d 1242 (1999) and *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999).[1] Subsequent to appellant's filing of his petition for leave to appeal *nunc pro tunc*, our Supreme Court reversed our *en banc* decision in *Lantzy*, on two points: First, our high court rejected the bifurcated system of post-conviction review which we approved in *Lantzy*. Rather, our Supreme Court, citing *Chester*, 733 A.2d at 1251, held that "the PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal, since such claims also were cognizable on traditional *habeas corpus* review." *Lantzy*, 736 A.2d at 570.

¶ 13 Second, our Supreme Court rejected the requirement which we set forth in *Commonwealth v. Petroski*, 695 A.2d 844 (Pa.Super.1997), and clarified in our *en banc* decision in *Lantzy*. In *Lantzy*, 712 A.2d at 292, we held that in order to qualify for PCRA relief under 42 Pa.C.S.A. § 9543(a)(2)(ii), a post-conviction petitioner who seeks a direct appeal *nunc pro tunc* due to counsel's failure to perfect a direct appeal must prove *not only* that counsel ignored his directive to file an appeal, *but also* that the claims which he seeks to raise on direct appeal affected the truth-determining process and rendered his adjudication of guilt unreliable. In reversing our decision, our Justices stated:

Thus, the issue of whether a claim for relief based upon counsel's failure to file a direct appeal meets the prejudice requirement of Section 9543(a)(2)(ii) may be addressed by direct reference to

*Strickland*; indeed, this approach is particularly useful here, since the application of *Strickland* in this setting is well developed in federal jurisprudence. Indeed, the *Strickland* decision itself expressly acknowledges that actual or constructive denial of the assistance of counsel falls within a narrow category of circumstances in which prejudice is legally presumed. *Strickland*[ *v. Washington*], 466 U.S. [668] at 692, 104 S.Ct. [2052] at 2067[, 80 L.Ed.2d 674]. Since the failure to perfect a requested appeal is the functional equivalent of having no representation at all, *see Evitts*[ *v. Lucey*], 469 U.S. [387] at 396–97, 105 S.Ct. [830] at 836[, 83 L.Ed.2d 821] (noting that the failure to perfect an appeal "essentially waived respondent's opportunity to make a case on the merits; in this sense it is difficult to distinguish respondent's situation from that of someone who had no counsel at all"), *Strickland*, on its own terms, establishes the right to relief. Additionally, as President Judge McEwen [in his dissent in *Lantzy II* ] reasoned, since Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right, *see Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980), a failure to file or perfect such an appeal results in a denial so fundamental as to constitute prejudice *per se*. *See generally Canales v. Roe*, 151 F.3d 1226, 1229–30 (9th Cir.1998)(stating that "it appears that every federal court of appeals to address the issue has applied some form of a rule of presumed prejudice where counsel fails to file a notice of appeal").[7]

---

1. In fact, appellant's brief to this court which was filed on January 22, 1999, was filed on the same date as our Supreme Court's deci-

sion in *Kimball*, and well before their decisions in *Chester* and *Lantzy*.

7. *See generally Peguero v. United States*, 526 U.S. 23, 28–30, 119 S.Ct. 961, 965–66, 143 L.Ed.2d 18 (1999)(O'Connor, J., joined by Stevens, Ginsburg and Breyer, JJ., concurring)(noting that where a trial court fails to advise a defendant of his right to appeal, resulting in the defendant's foregoing his

right to appeal, prejudice is assumed and, accordingly, the defendant need not demonstrate that he possessed meritorious grounds for an appeal); *Penson v. Ohio*, 488 U.S. 75, 88–89, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988)(holding that the prejudice standard articulated in *Strickland* is inapplicable where the petitioner was deprived of the assistance of counsel on appeal after counsel withdrew); *Rodriquez v. United States*, 395 U.S. 327, 329, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969)(holding that the defendant was entitled to collateral relief without the requirement of demonstrating that his appeal would have had merit in a case in which the failure to appeal the conviction was attributable to an error by counsel); *Anders v. California*, 386 U.S. 738, 743–44, 87 S.Ct. 1396, 1399–1400, 18 L.Ed.2d 493 (1967)(holding that a refusal of appointed counsel to properly pursue an appeal, coupled with the refusal of the court to appoint substitute counsel, amounted to a denial of fundamental due process); *United States v. Stearns*, 68 F.3d 328, 329–30 (9th Cir.1995)("a failure to appeal after a plea does, indeed, result in ineffective assistance of counsel without a specific showing of prejudice"); *United States v. Nagib*, 56 F.3d 798, 801 (7th Cir.1995)(petitioner not required to demonstrate prejudice under *Strickland* as his attorney's failure to file a timely notice of appeal constituted *per se* ineffectiveness); *Romero v. Tansy*, 46 F.3d 1024, 1030–31 (10th Cir.) ("if counsel's failure to perfect a direct appeal violated appellant's right to effective assistance of counsel, then appellant has demonstrated both cause and prejudice for purposes of overcoming any procedural bar to his claim on federal habeas review"), cert. denied, 515 U.S. 1148, 115 S.Ct. 2591, 132 L.Ed.2d 839 (1995); *United States v. Peak*, 992 F.2d 39, 41–42 (4th Cir. 1993) ("a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success"); *Lozada*, 964 F.2d at 956–59 ("we hold that prejudice is presumed under *Strickland* if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent"); *Estes v. United States*, 883 F.2d 645, 648–49 (8th Cir.1989); *Cannon v. Berry*, 727 F.2d 1020, 1022 (11th Cir.1984); *United States v. Winterhalder*, 724 F.2d 109, 110 (10th Cir.1983). The holding that failure of counsel to file a requested direct appeal constitutes prejudice under the *Strickland* standard has been applied in circumstances involving both federal and state prisoners. *See Canales*, 151 F.3d at 1229–30.

■ *Thus, we hold that, where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.*

*Lantzy*, 736 A.2d at 571–572 (footnote 8 omitted) (emphasis added).

■ ¶ 14 These two clear departures from our holding in *Lantzy* are the key to resolving this appeal. Given our Supreme Court's pronouncement in *Lantzy*, appellant should have filed a PCRA petition, rather than a petition for leave to appeal *nunc pro tunc*. A claim that counsel was ineffective for failing to file a direct appeal when so directed by the petitioner is a cognizable claim under 42 Pa.C.S.A. § 9543(a)(2)(ii). "[T]he petitioner is not required to establish innocence or demonstrate the merits of the issue or issue which would have been raised on direct appeal." *Lantzy*, 736 A.2d at 572. The fact that the issue which appellant seeks to raise on appeal, i.e., the discretionary aspects of his sentence, does not preclude PCRA relief, since appellant's claim that counsel's failure to perfect the appeal denied the accused the assistance of competent counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to a direct appeal under Article V, Section 9, and, thus, such neglect by counsel alone

is sufficient to establish prejudice for the purposes of 42 Pa.C.S.A. § 9543(a)(2)(ii). *Lantzy*, 736 A.2d at 572.[2]

¶ 15 The fact that appellant's request for an appeal *nunc pro tunc* is a cognizable PCRA claim, despite the fact that the claim which underlies the request is not, is clearly demonstrated by our Supreme Court's decision in *Lantzy*, since the Court granted his request for a direct appeal despite the fact that Lantzy might seek to challenge the discretionary aspects of his sentence. *Lantzy*, 736 A.2d at 566 (when describing the appellate issues lost to counsel's ineffectiveness, the Court noted: "It is unclear whether he had originally sought to challenge only the discretionary aspects of his sentence, or whether he also intended to attack his conviction.").

¶ 16 At this point in our discussion of appellant's appeal, an apparent block to appellant's request for an appeal *nunc pro tunc* exists, that being the fact that appellant did have a direct appeal in which counsel filed a brief, albeit his sentencing claim was waived by counsel's ineffectiveness. In *Commonwealth v. Hall*, 713 A.2d 650, 652 (Pa.Super.1998), *appeal granted* 561 Pa. 669, 749 A.2d 467, 2000 Pa. LEXIS 128, (Pa. Jan. 6, 2000), which was decided before our Supreme Court's *Lantzy* decision, we opined that the grant of appeal rights *nunc pro tunc* would be "limited to extraordinary circumstance and [would] be available only to defendants who have not already pursued their direct appeal rights." However, we are convinced that despite prior counsel's filing of a brief in appellant's direct appeal and our rejection of that appeal based upon a waiver analysis, appellant has not actually enjoyed the benefits of a direct appeal.

¶ 17 The United States Supreme Court, in *Evitts v. Lucey*, 469 U.S. 387, 396–97, 105 S.Ct. 830, 836–37, 83 L.Ed.2d 821, 830–31 (1985), stated:

A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney. This result is hardly novel. The petitioners in both *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Entsminger v. Iowa*, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967), claimed that, although represented in name by counsel, they had not received the type of assistance constitutionally required to render the appellate proceedings fair. In both cases, we agreed with the petitioners, holding that counsel's failure in *Anders* to submit a brief on appeal and counsel's waiver in *Entsminger* of the petitioner's right to a full transcript rendered the subsequent judgments against the petitioners unconstitutional. In short, the promise of *Douglas* [*v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)] that a criminal defendant has a right to counsel on appeal—like the promise of *Gideon* [*v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] that a criminal defendant has a right to counsel at trial—would be a futile gesture unless it comprehended the right to the effective assistance of counsel.

¶ 18 In *Evitts*, the defendant's counsel failed to file "a statement of appeal" in accordance with Kentucky Rule of Appellate Procedure 1.095(a)(1) when he filed his brief and record with the Court of Appeals of Kentucky.[3] Due to this failure, the

---

2. Although appellant ultimately wants to have the discretionary aspects of his sentence reviewed, his current claim is based on his assertion that prior counsel, in spite of his instructions, failed to perfect properly his appeal. *Cf. Commonwealth v. Hickman*, 434 Pa.Super. 633, 644 A.2d 787, 788 (1994). It is this fact which distinguishes the present case from those cases which uniformly hold that a claim that counsel was ineffective for

failing to file a motion to modify sentence and, thereby, preserve an attack upon the discretionary aspect of sentence is not a cognizable PCRA claim, since such an assertion does not affect the truth determining process. *See Lewis, supra; Grier, supra; Wolfe, supra.*

3. The "statement of appeal" was to contain the names of appellant and appellee, counsel and the trial judge, the date of the judgment,

Commonwealth filed a motion to dismiss the appeal for failure to file the requisite statement of appeal. The Court of Appeals granted the motion and dismissed the appeal. The defendant moved for reconsideration, arguing that all the necessary information was included within his brief and tendering a formal statement of appeal. Reconsideration was summarily denied. Defendant sought discretionary review before the Supreme Court of Kentucky, which affirmed the conviction. Defendant then made one last attempt to obtain state appellate review when he moved the trial court to grant him the right to file an appeal *nunc pro tunc*. This request was also denied.

¶ 19 The defendant then sought federal habeas corpus relief on the grounds that counsel's failure to file a timely statement of appeal resulted in dismissal of his direct appeal and, thus, deprived him of the right to effective assistance of counsel guaranteed by the Fourteenth Amendment. On appeal, the Supreme Court of the United States noted that there was no dispute that counsel was ineffective in failing to file the statement of appeal. *Evitts*, 469 U.S. at 392, 105 S.Ct. at 833–34. The Supreme Court further observed:

> To prosecute the appeal, a criminal appellant must face an adversary proceeding that-like a trial-is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.

the date of the notice of appeal and additional

¶ 20 The Supreme Court then affirmed the Sixth Circuit's grant of the right to appeal, stating: "A system of appeal as of right is established precisely to assure that only those who are validly convicted have their freedom curtailed. A State may not extinguish this right because another right of the appellant—the right to effective assistance of counsel—has been violated." *Evitts*, 469 U.S. at 399–400, 105 S.Ct. at 838.

¶ 21 Like the defendant in *Evitts*, appellant lost his right to file a direct appeal via counsel's failure to comply with rules of procedure, i.e., by not filing a motion to modify sentence or by not raising the issue in a Pa.R.A.P.1925 statement. Appellant sought to raise one issue on direct appeal, his challenge to the discretionary aspects of his sentence. However, counsel, through his clear ineffectiveness, waived that lone issue. *See* Discussion, *infra*, at pp. 10–11. The fact that he actually filed a brief is of no moment because it was a worthless and futile gesture in light of his prior incompetence. Since counsel's inaction had waived appellant's sentencing claim, his filing of the brief had no more value to appellant than had he not filed a brief at all. *See Commonwealth v. Sullivan*, 472 Pa. 129, 146, 371 A.2d 468, 476 (1977) (where counsel's brief on appeal failed to comply with Supreme court rules and appeared to be a "preliminary draft," appellate counsel was ineffective, and "the proper remedy is to afford appellant a new appeal in which he may reassert the issues adversely affected by his initial counsel's ineffective stewardship of his appeal."). *Cf., Entsminger, supra* (where counsel perfected a direct appeal and filed a brief, but failed to file the entire record of the petitioner's trial, the United States Supreme Court held counsel was ineffective for failing to insure that the Iowa Supreme Court had the full record available for its review during consideration of the appeal and remanded for an appeal *nunc pro tunc* ); *Commonwealth v. Ciotto*, 382

administrative information.

Pa.Super. 458, 555 A.2d 930, 931 (1989) (where counsel's ineffective assistance denied him entirely his right to a direct appeal, defendant is entitled to a direct appeal *nunc pro tunc* without regard to the merits of the issues he wishes to raise on appeal; defendant entitled to pursue post-verdict motions *nunc pro tunc* where prior counsel's procedural error resulted in waiver of post-trial motions).[4]

¶ 22 Having determined that appellant has presented a valid PCRA claim, it appears that the lower court did not abuse its discretion in denying his petition for leave to appeal *nunc pro tunc*, and we should remand this case for the filing of a PCRA petition, as ordered by the lower court. However, such action by this court would impose an injustice upon appellant, as the following analysis indicates.

¶ 23 Appellant reasonably relied upon our *Lantzy* decision and complied with the procedure set forth therein. If we were to remand this case for the filing of a PCRA petition, it would be untimely. Pursuant to 42 Pa.C.S.A. § 9545, any PCRA petition must be filed within one year of the date the judgment becomes final, excepting under three very limited circumstances:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

¶ 24 Appellant's judgment of sentence was imposed on January 17, 1997, and

4. We expressly distinguish herein cases like the present where direct appeal counsel's ineffectiveness waived all the issues that the post-conviction petitioner wished to raise from those cases where direct appeal counsel simply did not raise every issue requested by the criminal defendant. Clearly, in both situations, the criminal defendant has a right to effective representation. However, in the latter situation, counsel's conduct may, in fact, have been effective, despite not raising every issue which the defendant believes is meritorious. *See Evitts*, 469 U.S. at 396 n. 8, 105 S.Ct. at 836 n. 8, explaining *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *see also Lantzy*, 736 A.2d at 572 n. 8.

Thus, a PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal. In the latter situation, the PCRA petitioner's right to a direct appeal was not entirely denied by counsel's ineffectiveness, and, therefore, he must establish that counsel's ineffectiveness so undermined the truth–determining process so as to render unreliable the adjudication of guilt or innocence. 42 Pa.C.S.A. § 9543(a)(2)(ii).

appellant's direct appeal was denied by this court by order filed on October 7, 1997. Thus, his judgment of sentence became final on November 6, 1997, when the thirty (30) day period for filing a petition for allowance of appeal to our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Since his judgment of sentence was final well in excess of one year ago, appellant's PCRA petition would be untimely if filed on remand. Furthermore, we cannot contemplate any claim by appellant which would render a PCRA petition filed upon remand timely under any of the exceptions to section 9545 so as to allow the court to exercise jurisdiction. 42 Pa.C.S.A. § 9545(b)(1)(i–iii). *See Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999)(time limitations of the PCRA are jurisdictional in nature, and may only be avoided by one of the three specific exceptions enumerated therein).

¶ 25 Unfortunately for appellant, he has been caught in a jurisdictional trap of our making. He filed a petition for an appeal *nunc pro tunc*, rather than a timely PCRA action, because our decision in *Lantzy*, clearly indicated that his claim would not be cognizable under the PCRA. Now, upon further illumination of the issue in our Supreme Court's *Lantzy* decision, appellant's claim is cognizable under the PCRA, but, if we remand for filing of such a petition, the lower court would not have jurisdiction to adjudicate the issue as the petition would be untimely.[5]

■ ¶ 26 Thus, in the interest of justice and fundamental fairness, we find that the lower court abused its discretion by denying appellant's petition for appeal *nunc pro tunc*. In so ruling, we follow our recent *en banc* decision in *Commonwealth v. Hitchcock*, 2000 Pa.Super. 88, 749 A.2d 935, 2000 Pa.Super. LEXIS 301 (March 23, 2000) (*en banc*). Therein, in ruling upon a similar situation to appellant's, we stated:

> As previously noted, Appellant chose to file a petition for permission seeking reinstatement of his right to appeal *nunc pro tunc* rather than file a futile post-conviction petition that would have been dismissed pursuant to this Court's decisions in *Hall, Lantzy* and *Petroski*. Appellant specifically cited to these cases as well as *Stock* in his appellate brief and in the memorandum of law filed in support of his petition. Appellant's Brief at 10–11; Petition for Permission to File Post–Trial Motions Nunc Pro Tunc and Motion to Direct Appeal Nunc Pro Tunc, filed 11/24/98, at 2. It thus appears that he relied on the existing caselaw.

> Insofar as the effect on the administration of justice is concerned, we note that sweeping retrospective application would only concern a limited number of individuals who followed this Court's rulings in *Hall, Lantzy* and *Petroski*. While the total of affected defendants may be slight in comparison to the volume of criminal cases pending in the courts, retroactive application may leave such persons wholly without a remedy as their ability to obtain PCRA relief may be precluded by the time constraints in 42 Pa.C.S.A. § 9545(b). By comparison, prospective application will have no effect on those who specifically relied on prior practice and caselaw. Consideration of the above factors thus militates against sweeping retroactive

---

5. We note that the writ of *habeas corpus* (i.e., a petition for appeal *nunc pro tunc*) still exists as a separate remedy in Pennsylvania in those cases where no remedy may be had under the PCRA. Thus, at first blush, it appears that appellant might now be entitled to file a writ of *habeas corpus* on remand seeking an appeal *nunc pro tunc* since he cannot obtain relief via the PCRA. However, since appellant's claim is cognizable under the PCRA but not viable upon remand due to its untimeliness, a writ of *habeas corpus* is not an alternative basis for relief. *See Fahy*, 737 A.2d at 224 (where claims are cognizable under the PCRA, but fail the jurisdictional requirements, *habeas corpus* is not an alternative basis for relief), citing *Chester, supra*.

application of our Supreme Court's decision in *Lantzy*.

If we were to retrospectively apply the Supreme Court's ruling in *Lantzy* here, Appellant's sole means of obtaining reinstatement of his direct appeal rights would be to file a petition under the PCRA. *Lantzy*, 558 Pa. at 221, 736 A.2d at 569. Unfortunately for Appellant, any such petition would be subject to the time limitation set forth in 42 Pa.C.S.A. § 9545(b). As applied here, Appellant's petition would be untimely unless he could satisfy one of the exceptions in section 9545(b). Retroactive application of our Supreme Court's decision in *Lantzy* could therefore result in the affirmance of Appellant's conviction, leaving him without any remedy.

Such a result is unjust. It would serve to unfairly penalize Appellant for adhering to a procedure for obtaining redress that was specifically approved by this Court. Where, as here, a defendant has been misled by the actions of the appellate court, our Supreme Court has not hesitated to grant relief in the interests of justice. *See, e.g., Commonwealth v.* Tyson, 535 Pa. 391, 394–395, 635 A.2d 623, 624–625 (1993) (granting relief in the form of a new trial where the defendant was misled by the Supreme Court's own decision); *Commonwealth v. Powell*, 527 Pa. 288, 292–294, 590 A.2d 1240, 1242–1243 (1991) (discussing the inherent right of the courts to grant relief in the interest of justice whenever it is so required).

Viewed in this manner, we find that the trial court abused its discretion by summarily denying Appellant's petition. The record unequivocally demonstrates that Appellant asked Attorney Shugars to file a direct appeal. N.T. Sentencing, 11/26/97, at 10; Shugars' Letter, *supra*. Notwithstanding his awareness of Appellant's desires, Attorney Shugars advised that he would not file an appeal and that Appellant could proceed *pro se*

or with private counsel. Shugars' Letter, *supra*. This was improper.

Trial counsel certainly was not obligated to pursue frivolous claims on appeal. *Lantzy*, 558 Pa. at 226 n.8, 736 A.2d at 572 n. 8. Nevertheless, he was not permitted to unilaterally withdraw. If counsel believed Appellant's claims to be wholly frivolous, he was obligated to adhere to the procedures set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). *Lantzy*, 558 Pa. at 226 n.8, 736 A.2d at 572 n. 8. As recognized by our Supreme Court, where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases and denies the accused the right to the assistance of counsel as guaranteed by the United States and Pennsylvania Constitutions. *Id.*, 558 Pa. at 226, 736 A.2d at 572.

Because it is apparent from the face of the record that trial counsel unjustifiedly failed to file a requested direct appeal and because Appellant relied upon the procedure for obtaining redress outlined by this Court in *Lantzy*, the interests of justice require the reinstatement of Appellant's right to a direct appeal. *Tyson* and *Powell, supra*. As the trial court summarily denied Appellant's petition, we are compelled to reverse and remand. Upon remand, we direct the trial court to enter an appropriate order reinstating Appellant's right to a direct appeal *nunc pro tunc*. *Lantzy*, 558 Pa. at 226–228, 736 A.2d at 572–573. In addition, as it appears that Appellant is indigent, the trial court shall appoint counsel to represent Appellant.

*See also, Commonwealth v. Garcia*, 2000 Pa.Super. 89, 749 A.2d 928, 2000 Pa.Super. LEXIS 299 (March 23, 2000) (*en banc*).

■ ¶ 27 Likewise, it is apparent from the face of the record that appellants trial counsel was ineffective. First, appellant

had a right to file an appeal challenging the discretionary aspects of his sentence and, in light of counsel's filing of an appeal raising that issue, appellant clearly directed counsel to perfect this issue for appeal.[6] Second, counsel's failure to preserve this claim for appellate review by filing a motion to modify sentence or by raising the issue in a Pa.R.A.P.1925 statement, as ordered by the lower court, obviously lacks a reasonable basis to effectuate appellant's interests. And third, appellant was actually prejudiced by counsel's omissions, because counsel's failure effectively waived his right to direct appeal challenging the discretionary aspects of his sentence. Accordingly, we need not remand for a hearing to determine whether appellant requested counsel to file a direct appeal. *Cf. Commonwealth v. Harmon*, 1999 PA Super 236, *P 8 n. 5, 1999 Pa.Super. LEXIS 2871, at **5 n. 5, 738 A.2d 1023, 1024 n. 5 (Sept. 17, 1999).

¶ 28 Although we find that the lower court should have granted appellant's petition for a direct appeal *nunc pro tunc* in light of the existing precedent at the time the motion was filed, we need not remand this case for the filing of a direct appeal. Rather, we will turn now to appellant's attack upon the discretionary aspects of his sentence, since the record is adequate for review. Herein, appellant has specifically addressed the challenges to his sentence and the record includes the sentencing transcript, a copy of the presentence investigation and the Opinion Sur Appeal which the sentencing court filed on March 10, 1997, in response to appellant's direct appeal and set forth in detail the reasons for the sentence imposed. *Cf., Commonwealth v. Reed*, 488 Pa. 221, 226 n. 3, 412 A.2d 477, 480 n. 3 (1980) (court will not remand for filing of post-verdict motion to

withdraw guilty plea and a hearing on motion, where plea colloquy's inadequacy is evident in the existing record); *Commonwealth v. McKnight*, 311 Pa.Super. 460, 457 A.2d 1272, 1276 (1983) (remand for filing of appeal *nunc pro tunc* is not necessary where the record is sufficient to review the issue which would be raised on appeal and appellant has briefed those issues).

¶ 29 Appellant begins his sentencing claims with an assertion that the lower court did not adequately explain its reasons for imposing a sentence outside the aggravated range of the sentencing guidelines and thereby abused its discretion.

Appellate review of sentencing issues is prescribed by 42 Pa.C.S. § 9781, and is discretionary as to all aspects of sentencing except legality of the sentence. *Commonwealth v. Tuladzieski*, 513 Pa. 508, 522 A.2d 17 (1987). We will grant allowance of appeal only where the appellant avers that there is a substantial question whether the sentence imposed is appropriate under the Sentencing Code, 42 Pa.C.S. §§ 9701–9799.6. [*Commonwealth v.*] *Canfield*, [432 Pa.Super. 496,] 639 A.2d [46] at 48 [Pa.Super. 1994] (quoting *Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587, 590 (1992) (en banc)). We will be inclined to recognize a substantial question "where an appellant advances a colorable argument that the trial court's actions are inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process." *Id.* Where the appellant asserts that the trial court failed to state sufficiently its reasons for imposing sentence outside the Sentencing Guidelines, we will conclude that the

**6.** We recognize that a defendant does not have the absolute right to appellate review of the discretionary aspects of his sentence. *Commonwealth v. Urrutia*, 439 Pa.Super. 227, 653 A.2d 706, 710 (1995) (citing 42 Pa.C.S.A. § 9781(b)), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995). Nevertheless, a defendant does have the right to file an appeal challenging the discretionary aspects of his sentence which is considered a petition for permission to appeal and which we will review if the defendant raises a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Commonwealth v. Tuladzieski*, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b).

appellant has stated a substantial question for our review. *Commonwealth v. Wagner*, 702 A.2d 1084, 1086 (Pa.Super.1996 [1997]). . . .

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." [*Commonwealth v.*] *Johnson*, [446 Pa.Super. 192,] 666 A.2d [690] at 693 [Pa.Super. 1995]. In this context, an abuse of discretion is not shown merely by an error in judgment. *Canfield*, 639 A.2d at 50 (citing *Commonwealth v. Kocher*, 529 Pa. 303, 305, 602 A.2d 1308, 1310 (1992)). Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.*

*Commonwealth v. Rodda*, 723 A.2d 212, 213–14 (Pa.Super.1999).

¶ 30 In light of appellant's allegation that the court imposed a sentence well in excess of the aggravated range of the sentencing guidelines without stating adequate reasons, we find that appellant has raised a substantial question whether his sentence is appropriate under the Sentencing Code, 42 Pa.C.S.A. §§ 9701–9799.6. *See Wagner, supra.*

■ ¶ 31 As previously stated, the lower court sentenced appellant to a term of five to ten years of imprisonment for his robbery conviction and a consecutive sentence of two and one-half to five years of imprisonment for his aggravated assault conviction.[7] At the time of appellant's sentencing on January 17, 1997, the sentencing guidelines provided the standard range of eight to twenty months for both offenses and an aggravated range of twenty to twenty-six months. 204 Pa.Code. §§ 303.10, 303.16 (as amended, effective August 12, 1994).[8] Clearly, appellant's robbery sentence of sixty to one hundred and twenty months greatly exceeds the aggravated range of the guidelines. In addition, appellant's aggravated assault sentence of thirty to sixty months also exceeds the aggravated range of the guidelines.[9]

¶ 32 At the time of sentencing, the lower court explained its reasons for appellant's sentence, as follows:

In imposing sentence we have considered the presentence report, the Sentencing Code, the sentencing guidelines, the comments of the District Attorney and Defense Counsel, and the remarks of the victim and the victim impact statement.

We have also considered the tyranny abroad in the land in which citizens are practically on their own in defending themselves against criminal predators.

Our Supreme Court in *Commonwealth versus Wright*, 508 Pa. 25, [494 A.2d 354,] summed up this concern when it said: Society cannot tolerate the tyranny of armed felons.

There are so many aggravating circumstances in this case, one hardly knows where to begin reciting them.

First, this was a felony by force and surprise against victims who have the right, by law and common decency, to physical inviolability.

---

7. The court also imposed two terms of two and one-half to five years of imprisonment for appellant's two conspiracy convictions to be served concurrent to one another and concurrent to the robbery sentence.

8. The offense gravity score for both appellant's robbery and aggravated assault conviction was nine, 204 Pa.Code § 303.15, and appellant's prior record score was zero, 204 Pa.Code § 303.7.

9. We also note that appellant's concurrent sentences of two and one-half to five years for his conspiracy convictions also exceeded the aggravated range of the sentencing guidelines, which provided for an aggravated range of eighteen to twenty-four months of imprisonment.

Second, this loathsome intrusion, robbery, and assault left physical and psychological marks on the victims.

I read from the victim impact statement of Donald L. Watson: Donald Watson was beaten about the head with a gun that was in the possession of Ricardo Hernandez. I was then kicked as I lay helpless on the ground.

I was again beaten with a gun by Hernandez. I received numerous cuts on my head, knees, received stitches on my head. I was also x-rayed for pains in my chest and abdomen, stitches on my head. I spent three hours in emergency. I was also given a CAT Scan.

I tend to have nightmares about the attack. I experience moments of anger when I reflect on that night of February 11, 1996.

I feel almost like a prisoner because of the fear of leaving my home. I do not feel safe. I always carry a gun now.

My wife and I avoid coming home at night. I feel that we always have to look over our shoulder.

Third, and the most egregious aggravating circumstance, appears in the presentence report, and was testified to hear (sic) this morning, in which the victim, Watson, states: The next thing he knew, the suspects were standing on his side of the vehicle, pointing a nickel-plated small caliber handgun at the window, at him, yelling: Give me your money, wallet, your rings, you mother fucker.

This detestable word, mother fucker, which is painful and embarrassing for the Court to utter, is a frequently used vulgarity in our slowly decaying society.

This vulgarity no longer has any sexual connotation but reveals an utter contempt for the victim, is ruthlessly degrading, and impairs the dignity of the human substance.

These predators not only had the shameless audacity to rob and attack this husband in the presence of his wife but to utter this loathsome word of utter contempt.

If I have not already recited enough aggravating circumstances, let me recite a few more.

Again, there were two victims in this case, Mr. Watson and his wife.

While she was not robbed, she was present. She was threatened by this incident. She was frightened. She was terrorized. She had fear. She was humiliated.

The guidelines recommended in this case are totally inappropriate.

Sentencing Transcript, pp. 9–12.

¶ 33 Upon review, we find that the lower court did express sufficient reasons for a sentence in excess of the aggravated range of the sentencing guidelines. Presently, appellant repeatedly hit Mr. Watson in the head with a handgun and kicked him while shouting profanities and demanding and seizing Mr. Watson's valuables. Appellant used a handgun to commit the robbery and aggravated assault. Use of a handgun is not a necessary element of robbery or aggravated assault as charged in this case, and as such is clearly an aggravating factor. *Cf.*, *Commonwealth v. Darden*, 366 Pa.Super. 597, 531 A.2d 1144, 1149 (1987) (trial court properly considered as an aggravating factor the victim's age of 70 years, since the age of the victim is not an element of the crime of robbery). Further, Mr. Watson suffered bodily and psychological injuries as a result of appellant's unprovoked attack, and Mrs. Watson, who was present during the robbery and aggravated assault, was also traumatized by the event. These factors, which were not necessary elements of the offenses to which appellant pleaded guilty, were properly cited by the lower court when sentencing appellant outside the aggravated range of the sentencing guidelines.

¶ 34 Appellant argues that the lower court erred when it considered his use of the profanity "mother fucker" during the commission of his crime as an aggrava-

ting circumstance. Initially, we agree with the lower court that the use of this profanity could be considered an aggravating circumstance. Nevertheless, if this was the lone aggravating factor cited by the lower court, a sentence outside of the aggravated range of the guidelines would not be justified. However, as previously stated, the court did state other sufficient reasons for the sentence imposed, including appellant's use of a handgun and the negative impact of the crime on the victims.

¶ 35 Also, appellant, citing *Commonwealth v. Pittman*, 515 Pa. 272, 528 A.2d 138 (1987), claims that the court erred in imposing the mandatory minimum sentence where the Commonwealth did not exercise its discretion to proceed under that mandatory sentencing provision. We certainly agree with appellant that the lower court cannot itself invoke the mandatory sentencing provisions of 42 Pa.C.S.A. § 9712, which requires the imposition of a mandatory minimum sentence of five years where the defendant is in visible possession of a firearm during the commission of robbery, among other crimes. *Pittman*, 528 A.2d at 141. However, this is not what the lower court did presently. Rather, the court exercised its sentencing discretion under 42 Pa.C.S.A. § 9712, and imposed a sentence of five to ten years upon appellant's robbery conviction only after setting forth sufficient aggravating circumstances to warrant such a sentence. Accordingly, we find that the lower court did not abuse its discretion in imposing a sentence which coincidentally equaled the

mandatory minimum sentence under 42 Pa.C.S.A. § 9712.[10]

¶ 36 In sum, we find that appellant's attack upon the discretionary aspects of his sentence must fail. We have reached this issue by finding that the lower court erred in denying appellant's petition for appeal *nunc pro tunc*, since to do otherwise would impose an injustice upon appellant.

¶ 37 Judgment of sentence affirmed.

¶ 38 BROSKY, J. files a Dissenting Opinion.

BROSKY, J., dissenting.

¶ 1 I respectfully dissent from the decision of my colleagues in this matter because I believe that Appellant's challenge to the discretionary aspects of his sentence is not properly before us for a disposition on the merits. I am concerned that the decision of the majority in this case has a potential for a broader-sweeping effect with regard to claims challenging the discretionary aspects of sentencing than the majority may intend.

¶ 2 The majority concludes that the trial court committed an abuse of discretion in denying the petition for a *nunc pro tunc* appeal because Appellant has presented a valid PCRA claim. From their conclusion that a valid PCRA claim has been presented, the majority decides that we should forge forward into an exploration of the challenge to the discretionary aspects of Appellant's sentence in the interests of justice and fundamental fairness and decide the issue here. I take issue with this

---

**10.** We note that on appeal, appellant's co-defendant successfully challenged the discretionary aspects of his sentence, and we remanded the case for resentencing. *Commonwealth v. Harris*, 03973 Philadelphia 1996, 701 A.2d 778 (Pa.Super. August 1, 1997).

Therein, we found two problems with the court's sentence. First, we found that the court erred by imposing the mandatory minimum sentence of five years for crimes committed with a handgun, when the Commonwealth did not invoke the provisions of 42

Pa.C.S.A. § 9712. *Harris*, Slip Op., at 4, citing *Pittman*, 528 A.2d at 141. Second, even if the court did not actually impose the mandatory minimum sentence, we found that the court abused its discretion at the time of sentencing in that its sentence "represent[ed] a total ignoring of the [sentencing] guidelines[,]" *Harris*, Slip Op., at 10, and the court ignored mitigating factors. *Harris*, Slip Op., at 11.

Presently, however, we find that the lower court did not commit the same errors when sentencing appellant.

manner of proceeding, as I would conclude that Appellant has not presented a claim that would have been cognizable in a PCRA petition.

¶ 3 As the majority explains, Appellant was represented at the guilty plea by counsel, and this same counsel represented him at the sentencing hearing. There was no objection raised at the time of sentencing, nor was a post-sentence motion to modify sentence filed. Trial counsel was the counsel who filed the timely notice of appeal and who was directed to file the Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b). Despite the lack of this statement, the trial court filed its opinion on March 10, 1997 and sent a copy to Appellant's counsel.

¶ 4 This Court, in a Memorandum filed October 7, 1997, dismissed the direct appeal. We acknowledged that Appellant's direct appeal raised one issue: whether the sentence imposed was excessive and represented an abuse of discretion because the court failed to consider mitigating circumstances and failed to provide adequate reasons on the record for imposing a sentence outside the aggravated range of the sentencing guidelines. We recognized this as a challenge to the discretionary aspects of Appellant's sentence.

¶ 5 In dismissing the appeal, we relied on the following three cases. The first was *Commonwealth v. Jarvis*, 444 Pa.Super. 295, 663 A.2d 790 (1995), in which we held that an appellant may not challenge the discretionary aspects of her sentence for the first time on appeal. The second was *Commonwealth v. Clinton*, 453 Pa.Super. 385, 683 A.2d 1236 (1996), in which we held that a claim challenging the discretionary aspects of sentencing is waived if the appellant does not raise the claim before the trial court in either post-sentence motions or at the sentencing proceeding. Finally, we relied on *Commonwealth v. Egan*, 451 Pa.Super. 219, 679 A.2d 237 (1996). In *Egan*, we addressed a claim regarding the discretionary aspects of sentencing, although the claim was not raised in a motion to modify sentence. We did so because the claim was included in the Concise Statement of Matters Complained of on Appeal and the trial court judge had the opportunity to address the issues in his opinion.

¶ 6 Distinguishing the holding in *Egan*, we held in the present matter that the trial court judge had no real opportunity to address the issues in his opinion. Since Appellant had failed to properly preserve his challenge to the discretionary aspects of his sentence for appellate review, we found it waived. Citing *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), and 42 Pa.C.S.A. § 9781, we explained that there is no right to an appeal from the discretionary aspects of a sentence. We stated that, had the issue been preserved, Appellant would have had to request our permission to appeal in any event.

¶ 7 Our Order dismissing Appellant's appeal was sent to him on October 7, 1997. He did nothing until, on July 13, 1998, Appellant's present counsel filed a Petition for Leave to Appeal **Nunc Pro Tunc**. In the petition, Appellant alleged that he had instructed his prior counsel to take all necessary steps to appeal his sentence. Appellant asserted that he was denied his "appeal as of right as guaranteed by Article V., Section 9 of the Pennsylvania State Constitution due to due to [sic] counsel's failure to preserve said right after being directed to do so...." Petition at 4. Further, Appellant alleged in the petition that his prior counsel's actions amounted to ineffective assistance of counsel. The actions alleged were failing to preserve the challenge to the discretionary aspects of the sentence at the hearing and in a post-sentence motion, and failing to file a Concise Statement of Matters Complained of on Appeal. Appellant requested permission to file a **nunc pro tunc** appeal on the basis of his counsel's alleged ineffective assistance in properly preserving his "constitutional right" to an appeal.

¶ 8 The Commonwealth filed an answer in which it argued that the underlying claim of ineffective assistance lacked merit and that Appellant did not articulate any substantial question for this Court to review with regard to his sentence. The trial court denied the request for an appeal *nunc pro tunc*. This appeal followed.

¶ 9 The only issue that we should be addressing on appeal is whether the trial court erred or committed an abuse of discretion in denying Appellant's request for an appeal *nunc pro tunc* to this Court. I would conclude that the trial court did not err or abuse its discretion. In order for an appeal *nunc pro tunc* to be granted, Appellant would have to show an extraordinary circumstance wherein a direct appeal by right was lost. *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760, 764 (1996). Appellant's argument is premised on the assertion that he had a right to appeal the discretionary aspects of his sentence. He did not. *See Tuladziecki*, 522 A.2d at 19, and 42 Pa.C.S.A. § 9781.[11]

¶ 10 In the present circumstance, where Appellant has no right to an appeal to challenge the discretionary aspects of his sentence and he has not shown extraordinary circumstances, I agree with the trial court's decision not to grant an appeal *nunc pro tunc*. If Appellant believed his counsel was ineffective, he should have promptly set forth his ineffectiveness issues in a timely PCRA petition.

¶ 11 At the time when Appellant received our disposition of his direct appeal, however, this Court's decision in *Commonwealth v. Wolfe*, 398 Pa.Super. 94, 580 A.2d 857 (1990), had been in place for almost seven years. That case prevents a challenge to the discretionary aspects of his

sentence based upon an assertion of ineffectiveness of counsel for failing to preserve the issue properly upon the direct appeal. Unlike the majority, I find that the decision in *Wolfe* was directly controlling of Appellant's procedural posture in the present matter.

¶ 12 In *Wolfe*, as in the instant matter, the appellant's prior appellate counsel had filed a timely direct appeal on behalf of the appellant that did not result in a decision in the appellant's favor. After receiving the decision of this Court on the appeal, the appellant sought to challenge the ineffectiveness of his prior counsel for failing to preserve any challenge to the discretionary aspects of sentencing. Specifically, the appellant raised the following concerns. First, whether his appellate counsel was ineffective for failing to raise the issue of ineffectiveness of his trial counsel for failing to raise and preserve the excessiveness of sentence. Secondly, the same layered ineffectiveness as to the failure of the trial judge to indicate on the record the court's interpretation of the sentencing guidelines. Thirdly, the same layered ineffectiveness as to the failure of the trial judge to state sufficient reasons on the record why the sentence exceeded the guidelines. *Wolfe*, 580 A.2d at 858. In addition, the petitioner contended that his appellate counsel was ineffective in failing to present mitigating evidence at sentencing. *Id.*

¶ 13 This Court held in *Wolfe* that the claims of a petitioner under the PCRA, that both prior appellate and trial counsel had been ineffective in failing to challenge the discretionary aspects of his sentence, were not cognizable under the PCRA. We found that the petitioner's claims failed to

---

11.  This section provides in pertinent part:
     (a) Right to appeal.—The defendant or the Commonwealth may appeal as of right the legality of the sentence.
     (b) Allowance of appeal.—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that

has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.
. . .
42 Pa.C.S.A. § 9781.

meet the requirement of the PCRA that counsel's ineffectiveness "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). This Court held:

> [A]s appellant's instant claim relates *only* to ineffective assistance in failing to challenge discretionary aspects of sentence, and because no ineffective assistance of counsel claims may be heard under the PCRA unless such claim would undermine the truth determining process so as to render unreliable the adjudication of *guilt* or *innocence,* appellant's claim is not herein reviewable.

*Wolfe,* 580 A.2d at 860 (emphasis in original).

¶ 14 Thus, pursuant to the holding in *Wolfe,* Appellant in the present case did not have a claim that was cognizable under the PCRA, and he did not file a PCRA petition. This Court's decision in *Commonwealth v. Lantzy,* 712 A.2d 288, 291 (Pa.Super.1998), had no impact on an individual in such a procedural posture.

¶ 15 In *Lantzy,* the appellant, who was sentenced following his entry of a guilty plea, had originally filed post-sentencing motions and an appeal to this Court. His counsel then negotiated a modified sentence and the appellant withdrew his post-sentence motions and appeal. However, when the modification fell apart, the appellant could not file a direct appeal because of his withdrawal of his post-sentence motions and appeal. He then filed a petition under the PCRA asserting that his counsel was ineffective in advising him to withdraw his post-sentence motions and appeal. The PCRA court denied him relief. This Court affirmed the PCRA court's order on a different basis.

¶ 16 In *Lantzy,* we held that the appellant could not establish a claim under section 9543(a)(2)(ii) of the PCRA. That section provides that the petitioner must establish that he suffered from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so

undermined the truth-determining process, that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). This Court reasoned that the appellant in *Lantzy* had failed to satisfy his burden by failing to show that he was innocent, *i.e.,* wrongfully convicted. We noted, however, that if the appellant wished to assert that his counsel's ineffectiveness deprived him of the right to appeal, causing him prejudice but not affecting the underlying verdict or adjudication, he could seek relief by requesting an appeal *nunc pro tunc.* *Lantzy,* 712 A.2d at 291 (citing *Stock, supra*).

¶ 17 This Court's decision in *Lantzy* was filed on April 13, 1998. Appellant filed his Petition for Leave to Appeal *Nunc Pro Tunc* on July 13, 1998, in order to challenge his prior counsel's effectiveness in failing to preserve for our review any challenges to the discretionary aspects of his sentence. He did not make reference to our *Lantzy* decision. Rather, Appellant states in his brief that he did not file a PCRA petition because the state of the law would have precluded PCRA relief. Thus, he claims that filing a PCRA petition would have been a futile act. Appellant's Brief at 16–17.

¶ 18 Unlike the majority, I do not find that Appellant's filing of a petition for leave to appeal *nunc pro tunc,* rather than a petition under the PCRA, was clearly a result of our decision in *Lantzy.* Further, I disagree with the majority's conclusion that the impact of the Supreme Court's decision that reversed our holding in *Lantzy, Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999), is to convert Appellant's petition for an appeal *nunc pro tunc* into a cognizable claim under the PCRA. I do not agree with the majority's conclusion that the Supreme Court's decision in *Lantzy* brings the Appellant's challenge to the discretionary aspects of sentencing properly before us. *See* Op. at 7. In fact, as is observed by the majority, the Supreme

Court indicated in *Lantzy* only that it was unclear whether the appellant in *Lantzy* had sought an appeal of his discretionary aspects of his sentence or whether he also had sought to challenge his conviction. *Lantzy*, 736 A.2d at 566. Thus, I am wary of concluding on the basis of this sentence in the Supreme Court's *Lantzy* Opinion, standing alone, that the Supreme Court has in any way made a decision to overrule this Court's decision in *Wolfe*.

¶ 19 The Supreme Court stated that the requirement under section 9543(a)(2)(ii), that a petitioner must plead and prove that his counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place", amounts to the prejudice prong for ineffectiveness of counsel. *Lantzy*, 736 A.2d at 570. The Supreme Court reasoned that an unjustified failure of counsel to perfect an appeal guaranteed *as of right* constitutes prejudice *per se*. *Lantzy*, 736 A.2d at 571. In such a circumstance, the Court held that, if a petitioner such as the appellant in *Lantzy* could also meet the remaining requirements of the PCRA, he did not have to establish his innocence or demonstrate the merits of the issues that would have been raised on a direct appeal.

¶ 20 In the instant appeal, Appellant did not have a guaranteed right to challenge the discretionary aspects of his sentence on appeal. Thus, the Supreme Court's statement in *Lantzy* regarding prejudice *per se* does not establish that Appellant's prior counsel was ineffective *per se* here. The Supreme Court's decision in *Lantzy* did not alter this Court's holding in *Wolfe*, *supra*, as Appellant still would have to meet the prejudice prong of the ineffectiveness standard in order to show that he has a cognizable claim under the PCRA.

¶ 21 He would have to show that, but for the acts or omissions of his prior counsel, the outcome of the proceedings would be different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 330 (1999). Appellant has failed to do so here. The preju-dice the majority finds that Appellant alleges is that prior counsel effectively waived Appellant's "right" to an appeal challenging the discretionary aspects of his sentence. But, again, I point out that Appellant does not have such a right. Therefore, I believe that the reasoning of the majority is not solid.

¶ 22 As I view the case, Appellant was faced with a situation where he had a direct appeal but his counsel's alleged ineffectiveness caused the issue of the discretionary aspects of his sentence to be forgone on appeal. He would have brought the question of his counsel's ineffectiveness before the trial court but realized that our long-established case law provides that a PCRA petitioner attempting to challenge the ineffectiveness of his counsel for failing to preserve the discretionary aspects of sentencing does not raise a cognizable claim. So, instead, after this Court issued its decision in *Lantzy*, new counsel for Appellant filed a petition for leave to appeal *nunc pro tunc* to challenge prior counsel's ineffectiveness.

¶ 23 I am not convinced by the majority Opinion that this decision by Appellant's new counsel was a result of a procedural trap of our making. Rather, it appears that Appellant's new counsel was attempting to end-run our case law regarding challenges to discretionary aspects of sentencing on PCRA. If we allow this to occur and engage in review of the challenge to the discretionary aspects of sentencing, we are discarding the prior case law without proper briefing and consideration of the issue. Although the majority is doing so under the auspices of rectifying a situation caused by our *Lantzy* case, I do not think it is wise. The majority is creating an exception for one person in Appellant's procedural posture at the time of our *Lantzy* decision without fully considering the larger issue of whether it is desirable to effectively overrule our prior case law regarding challenges to the discretionary aspects of sentencing on PCRA.

¶ 24 Accordingly, I cannot join the majority's decision to allow an appeal raising the discretionary aspects of Appellant's sentence. Nor can I join in the majority's decision to affirm the judgment of sentence. I would simply affirm the order of the trial court denying the Petition for Leave to File Appeal *Nunc Pro Tunc*.