J-S09017-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGELA MARLENE WINTERS | : | |
| | : | |
| Appellant | : | No. 733 WDA 2018 |

Appeal from the Judgment of Sentence April 4, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-SA-0000048-2016

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    FILED April 1, 2019

Angela Marlene Winters appeals pro se from her judgment of sentence, entered in the Court of Common Pleas of Crawford County, following her conviction for driving while her operating privilege was suspended or revoked (driving under suspension, DUI related).[1]  On appeal, Winters challenges the discretionary aspects of her sentence.  After careful review, we remand for further proceedings consistent with this memorandum.[2]

_____

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).

[2] As stated by the Commonwealth, "[t]his case has some extensive procedural history."  Brief of Appellant, at 10.  That history, however, was not relayed to this Court.  To avoid confusion, we have taken the step of adding citations to the record throughout our recitation of the factual and procedural history of Winters' appeal.

_____

*   Retired Senior Judge assigned to the Superior Court.

On March 10, 2007, Winters was cited for driving under the influence (DUI)—highest rate of alcohol. Certified Driver History, 1/23/17, at 2. As a result, her license was suspended for one year, effective April 21, 2009. Id. Winters became eligible to have her license restored on April 21, 2010, but never took the necessary steps to do so.[3] Certified Driver History, 1/23/17, at 1.

On August 23, 2016, the Pennsylvania State Police cited Winters for the act underpinning the instant conviction—driving under suspension, DUI-related.[4] Traffic Citation, 8/23/16, at 1. In a November 3, 2016 letter to Magisterial District Court, Winters contested the citation. Letter, 11/3/16, at 1. Winters failed to appear for her December 6, 2016 hearing; consequently, Magisterial District Judge Lincoln S. Zilhaver sentenced her to the mandatory minimum sentence of 60 days' incarceration. Order Imposing Sentence, 12/4/16, at 1; see 75 Pa.C.S.A. § 1543(b)(1)(i) (prescribing mandatory minimum sentence). Winters petitioned for leave to appeal in forma pauperis on December 9, 2016, which the court granted on December 12, 2016. Motion, 12/9/16, at 1–2; Order, 12/12/16, at 1. On December 13, 2016,

_____

[3] In order to restore her license, Winters was required to produce proof of insurance, install an ignition interlock system, and apply for an ignition interlock license. Restoration Letter, 3/4/16, at 1–2.

[4] We note Winters was cited on March 2, 2016, for a separate instance of driving under suspension, which is not before this Court. Certified Driver History, 1/23/17, at 2.

Winters filed a notice of appeal from her summary criminal conviction. Notice of Appeal, 12/13/16, at 1.

Winter's trial de novo was repeatedly rescheduled[5] until April 4, 2018, on which date, while represented by Assistant Public Defender Gary A. Kern, Esquire, the Honorable Anthony J. Vardaro found Winters in violation of section 1543(b) of the Motor Vehicle Code and sentenced her to 60 days' imprisonment, a $500 fine, and associated court costs. Sentencing Order, 4/4/18, at 1. There are no transcripts of this hearing. Pa.R.A.P. 1925(a) Opinion, 6/6/18, at 1.

On April 25, 2018, Winters filed a pro se motion to modify sentence, requesting house arrest in lieu of incarceration owing to her physical ailments and the demands of caring for her five-year-old son.[6] Motion to Modify Sentence, 4/25/18, at 1. The court docketed the motion, scheduled a hearing for May 1, 2018, and provided notice to the public defender's office of Winters'

_____

[5] Winters' summary appeal hearing was continued until September 29, 2017, at which point Winters failed to appear, prompting the court to issue a bench warrant. Order, 9/29/17, at 1. Winters was taken into custody on March 21, 2018, and the court scheduled a hearing the following day. Order, 3/21/18, at 1. That hearing, however, was ultimately continued until April 4, 2018. Order, 3/27/18, at 1.

[6] Generally, courts are prohibited from sentencing an offender to intermediate punishment when a mandatory minimum sentence is at issue. 42 Pa.C.S.A. § 9721(a.1)(1). However, an individual sentenced under 75 Pa.C.S.A. § 1543(b) may be sentenced to county intermediate punishment, including house arrest, after undergoing drug and alcohol assessment pursuant to 75 Pa.C.S.A. § 3814.

pro se filing by email.[7]  Order, 4/25/18.  On April 27, 2018, Winters filed a pro se petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, in which she alleged Attorney Kern had refused to file an appeal and requested the assistance of new counsel.[8]  PCRA Petition, 4/27/18, at 3–4. That same day, Judge Vardaro dismissed Winters' pro se motion to modify sentence without a hearing, stating the motion had been improperly filed in motions court and again notified the public defender's office of Winters' pro se legal activity.  Order, 4/27/18.  On April 30, 2018, Judge Vardaro permitted Winters to proceed in forma pauperis on the PCRA petition, and appointed Edward J. Hatheway, Esquire, as PCRA counsel.  Order, 4/27/18, at 1.  The court, however, continued to notify the public defender's office of Winters' activity, as Attorney Kern had not yet withdrawn as appellate counsel.  On May 4, 2018, Winters filed a timely pro se notice of appeal from her April 4, 2018 judgment of sentence to the Superior Court.  Notice of Appeal, 5/4/18.

_____

[7] As discussed infra, Winters' motion was not only untimely, it should have been barred by the Rules of Criminal Procedure.  See Pa.R.Crim.P. 720(D) ("There shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas.").

[8] As discussed infra, Winters' PCRA petition should not have been docketed— it should only have been forwarded to Winters' counsel of record, Attorney Kern.  See Pa.R.A.P. 3304 ("Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record.").

Though Winters' notice of appeal should have divested the trial court of jurisdiction,[9] on May 14, 2018, Attorney Hatheway, as PCRA counsel, filed a Turner/Finley[10] "no merit" letter and a motion to withdraw, wherein he stated the following issues, raised by Winters in her pro se filing, lacked merit:

1) Whether the defendant's trial attorney was ineffective in representing the defendant by failing to urge the [c]ourt to sentence the defendant to house arrest/electronic home monitoring as opposed to incarceration for her conviction of [driving under suspension]?

2) Whether the defendant's trial attorney was ineffective in representing the defendant by failing to file an appeal to the Superior Court raising the issue that the trial court had abused its sentencing discretion by sentencing the defendant to 60 days of incarceration for [driving under suspension]?

Turner/Finley Letter, 5/14/18, at 4. With respect to the first issue, Attorney Hatheway believed Attorney Kern made Winters' desire for house arrest clear to Judge Vardaro at sentencing. Id. at 5. Attorney Hatheway did not address the merits of Winters' second issue, making no statement as to whether Attorney Kern failed to file an appeal. Id. Instead, Attorney Hatheway concluded Winters' sentence was legal, stating "[t]he Superior Court is not going to conclude that Judge Vardaro abused his sentencing discretion[.]" Id.

---

[9] See Pa.R.A.P. 1701 and 210 Pa. Code § 65.24 discussed further infra.

[10] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

On May 15, 2018, Attorney Kern—who was still named on the docket as Winters' counsel of record—filed a petition to withdraw as counsel.[11] Petition, 5/15/18, at 1. The following day, without holding a hearing or notifying Winters, the court granted Attorney Kern's petition to withdraw as counsel. Order, 5/16/18, at 1. On May 18, 2018, Judge Vardaro granted Attorney Hatheway's motion to withdraw as PCRA counsel, dismissed Winters' PCRA petition, and construed Winters' May 4, 2018 filing as a timely notice of appeal from her April 4, 2018 judgment of sentence. Order, 5/18/18, at 1.

Though the court found itself without jurisdiction to assess Winters' PCRA claim, it nonetheless offered its opinion on the underlying issues. Id. With respect to Attorney Kern's failure to file an appeal, the court stated, "the issue with regard to defense counsel being ineffective in failing to file an appeal to the Superior Court has been resolved since the defendant filed her own timely notice of appeal[.]" Id. With respect to Attorney Kern's failure to pursue house arrest, the court stated, "while we do not have a transcript, our recollection is the Defendant's attorney at the time of sentencing argued for [h]ouse [a]rrest . . . and we rejected that option." Id. Winters subsequently

---

[11] As Winters had already filed a notice of appeal, Attorney Kern should have filed a statement of intent to file an Anders brief, pursuant to Pa.R.A.P. 1925(c)(4), then requested this Court's permission to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967); see also Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).

proceeded with her pro se direct appeal; both Winters and the court complied with Pa.R.A.P. 1925.

On appeal, Winters challenges the discretionary aspects of her sentence, arguing Judge Vardaro abused his discretion in sentencing her to 60 days of incarceration rather than 60 days of house arrest.[12]  Brief of Appellant, 1–4.

Before we examine the substance of Winters' appeal, we must consider the following intertwined issues: 1) from what order is Winters appealing; 2) what claims, if any, have been preserved; and 3) who, if anyone, represents Winters.

Preliminarily, to determine the appropriate order on appeal, we must ascertain which of Winters' post-trial filings was valid—an issue which, in this instance, intrinsically revolves around representation.  The Pennsylvania Constitution guarantees the right to representation by an attorney in a criminal case and the right of appeal.  Pa. Const. Art. 1 § 9, Art. 5 § 9.  The United States Constitution guarantees a criminal defendant the right to self-representation, which may be exercised following a knowing and voluntary waiver of the right to counsel.  Faretta v. California, 422 U.S. 806, 820–21 (1975); accord Commonwealth v. Grazier, 713 A.2d 81, 82 (Pa. 1998).  However, there is no right to contemporaneous representation pro se and by counsel ("hybrid representation") at trial or on appeal.  Commonwealth v.

_____

[12] We have paraphrased Winters' issue on appeal for clarity and brevity.

Ellis, 626 A.2d 1137, 1139 (Pa. 1993); see also Commonwealth v. Pursell, 724 A.2d 293, 251 (Pa. 1999) (applying Ellis rationale prohibiting hybrid representation to PCRA proceedings).

As an appellant does not have a right to hybrid representation, any pro se post-sentence motions filed while represented by counsel are "a nullity, having no legal effect." Commonwealth v. Nischan, 928 A.2d 349, 355 (Pa. Super. 2007). Moreover, the Rules of Appellate Procedure generally prohibit a represented litigant from submitting his or her own motion, instead directing the court not to docket any such filing, but to forward it to counsel of record. Pa.R.A.P. 3304. This Court, however, "is required to docket a pro se notice of appeal despite Appellant being represented by counsel." Commonwealth v. Williams, 151 A.3d 621, 624 (Pa. Super. 2016) (citing Ellis, supra at 1138, and 210 Pa. Code. § 65.24).

Here, the court sentenced Winters following her trial de novo on April 4, 2018. Neither her first post-trial filing, an April 25, 2018 pro se motion to modify sentence, nor her second, an April 25, 2018 pro se PCRA petition, should have been docketed or heard—instead, both should have been forwarded to Winters' counsel of record. See Pa.R.A.P. 3304. Winters' third pro se filing, however—her May 4, 2018 notice of appeal—was properly docketed. See Williams, supra at 624. Accordingly, we will consider the issue Winters raises on appeal.

Winters' sole issue on appeal pertains to the discretionary aspect of sentencing. There is no absolute right to appellate review of the discretionary aspects of sentencing—rather, an appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. Commonwealth v. Colon, 102 A.3d 1033, 1042 (Pa. Super. 2014). As we have previously stated:

> Before we reach the merits of this issue, we must engage in a four[-]part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved [her] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode[.] [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

Id. at 1042–43, quoting Commonwealth v. Austin, 66 A.3d 798, 808 (Pa. Super. 2013).

Though Winters' appeal is timely, we are unable to determine whether she preserved her discretionary aspect claim. Winters was procedurally barred from preserving her claim in a post-sentence motion. See Commonwealth v. Dixon, 66 A.3d 794, 797 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720(D) ("There shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas. The imposition of a sentence immediately following a determination of guilt at the conclusion of the trial de novo shall constitute a final order for the purposes of appeal.")). Moreover, we cannot determine whether Winters preserved her claim during sentencing, as her sentencing hearing was not transcribed. See

Pa.R.A.P 1925(a) Opinion, 6/6/18, at 1 (recalling Winters contesting her sentence of incarceration, but noting lack of transcripts).  We, therefore, remand the case to enable the trial court to conduct an evidentiary hearing on whether Winters preserved her discretionary aspect of sentencing claim.

Should the court find Winters preserved her discretionary claim during her sentencing hearing, it must subsequently address the issues stemming from Winters' attempts to represent herself before Attorney Kern withdrew as counsel.[13]  See Commonwealth v. Stossel, 17 A.3d 1286, 1290 (Pa. Super. 2011) (finding Superior Court obligated to consider, sua sponte, failure of trial court to conduct Grazier hearing in analogous PCRA context).

Even when an appellant expresses a clear desire to proceed pro se, the rules of criminal procedure and corresponding case law require the court to conduct a full colloquy before allowing an appellant to proceed pro se.  See Pa.R.Crim.P. 122(B)(2) ("[w]hen counsel is appointed . . . the appointment shall be effective until final judgment, including any proceedings upon direct

_____

[13] While Winters does not have an absolute right to appellate review of the discretionary aspects of her sentence, she nevertheless has the right to file her claim as a petition for permission to appeal.  See Commonwealth v. Hernandez, 755 A.2d 1, 12 (Pa. Super. 2000) ("[An] appellant [has] a right to file an appeal challenging the discretionary aspects of [her] sentence."); see also id., at 12, n.5 ("an appeal challenging the discretionary aspects of [a] sentence [] is considered a petition for permission to appeal[.]"). Moreover, she has the right to file such an appeal either with the assistance of counsel or under her own direction following a Grazier hearing—not, however, via hybrid representation.  See Ellis, supra at 1139.

appeal"); *see also Grazier, supra* at 82 ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."). Should court-appointed counsel believe his client's claims on direct appeal are wholly frivolous, he must first request permission to withdraw pursuant to the dictates of *Anders* and *Santiago*.

In this instance, neither Attorney Kern nor the court adhered to proper procedure with regard to Winters' representation. Attorney Kern withdrew without filing a notice of intent to withdraw pursuant to Rule 1925(c)(4) in the court of common pleas or requesting permission to withdraw from this Court in an *Anders* brief.[14] Petition to Withdraw, 5/14/18, at 1. The court below allowed Winters to represent herself without first conducting a *Grazier* hearing. Pa.R.A.P. 1925(a) Opinion, 5/18/18, at 1.

---

[14] In *Santiago*, our Supreme Court established that briefs stating an intent to withdraw pursuant to *Anders* must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago, supra* at 361.

If Winters wishes to represent herself, the trial court must first determine whether she knowingly, intentionally, and voluntarily chooses to waive counsel. See Grazier, supra at 82. If the court finds the Grazier standard has not been met, it shall appoint new counsel to proceed on Winters' behalf. Newly-appointed counsel shall then either file a nunc pro tunc Rule 1925(b) concise statement of errors complained of on appeal and a corresponding brief, or file a notice of intent to withdraw pursuant to Rule 1925(c)(4) and seek this Court's permision to withdraw in accordance with Anders and Santiago.

For the reasons set forth above, we remand for an evidentiary hearing, to be held within 45 days of the date of this memorandum, to determine whether Winters preserved her claim challenging the discretionary aspects of her sentence during her April 4, 2018 sentencing hearing. If the court finds she preserved her claim, it shall subsequently make a determination concerning the appointment of counsel as described above within 45 days thereafter.

Remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.