J-S15018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE BASSETT, | |
| Appellant | No. 810 EDA 2015 |

Appeal from the PCRA Order of March 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007313-2010

BEFORE: BENDER, P.J.E., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                                **FILED MARCH 11, 2016**

Appellant, Andre Bassett, appeals from the order entered on March 10, 2015, denying his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. After careful consideration, we are constrained to reverse.

The factual background and procedural history of this case are as follows. On April 10, 2010, three individuals staked out the residence of Sheyeta Brown ("Brown"). One of those individuals entered Brown's residence and let Appellant and a third individual into the residence. After threatening Brown with a handgun, the three individuals fled on foot with Brown's television. Police soon located the television and witnessed Appellant and another individual attempt to load it into a van. Police detained Appellant and a search of the van uncovered a handgun next to

*Retired Senior Judge assigned to the Superior Court

where Appellant had been seated. Brown and her neighbor identified Appellant as one of the three individuals who burglarized her residence.

On June 17, 2010, Appellant was charged via criminal information with robbery,[1] conspiracy to commit robbery,[2] burglary,[3] criminal trespassing,[4] carrying a firearm without a license,[5] theft by unlawful taking,[6] receiving stolen property,[7] possession of a firearm by a prohibited person,[8] carrying a firearm on the streets on Philadelphia,[9] possessing an instrument of crime,[10] simple assault,[11] and recklessly endangering another person.[12] On October 3, 2011, a jury found Appellant guilty of carrying a firearm without a license,

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. §§ 903, 3701.

[3] 18 Pa.C.S.A. § 3502(a).

[4] 18 Pa.C.S.A. § 3503(a)(1)(ii).

[5] 18 Pa.C.S.A. § 6106(a)(1).

[6] 18 Pa.C.S.A. § 3921(a).

[7] 18 Pa.C.S.A. § 3925(a).

[8] 18 Pa.C.S.A. § 6105(a)(1).

[9] 18 Pa.C.S.A. § 6108.

[10] 18 Pa.C.S.A. § 907(a).

[11] 18 Pa.C.S.A. § 2701(a).

[12] 18 Pa.C.S.A. § 2705.

receiving stolen property, possession of a firearm by a prohibited person, and carrying a firearm on the streets on Philadelphia. On November 22, 2011, Appellant was sentenced to an aggregate term of 12⅔ to 26 years' imprisonment. Appellant did not file a direct appeal or post-sentence motion.

On February 21, 2012, Appellant filed the instant PCRA petition, alleging counsel failed to file a direct appeal as he requested. The PCRA court appointed counsel, who filed an amended petition. On June 13, 2013, the PCRA court held an evidentiary hearing at which Appellant and trial counsel testified. Appellant testified that immediately following sentencing he instructed trial counsel to file a direct appeal. Appellant further claimed that he followed up that oral direction with a written letter. Trial counsel, on the other hand, testified that Appellant did not request a direct appeal, either orally or in writing.

Appellant also testified that trial counsel advised him against filing a direct appeal because he may receive a longer prison sentence if he prevailed on appeal. Apart from the colloquy setting forth Appellant's direct appellate rights, trial counsel did not remember speaking with Appellant after the court pronounced sentence. The PCRA court denied Appellant's petition at the conclusion of the evidentiary hearing. On appeal, this Court vacated the PCRA court's order and remanded for entry of findings of fact

and conclusions of law related to Appellant's claims. **See Commonwealth v. Bassett**, 105 A.3d 38 (Pa. Super. 2014) (unpublished memorandum).[13]

Following remand, the parties agreed that an additional evidentiary hearing was unnecessary. On February 9, 2015, the PCRA court issued notice of its intent to dismiss the petition. **See** Pa.R.A.P. 907. Appellant did not file a response. On March 10, 2015, the PCRA court dismissed Appellant's petition. This timely appeal followed.[14]

Appellant presents one issue for our review:

Whether trial counsel was ineffective in failing to file a direct appeal[?]

Appellant's Brief at 7.

Although only one issue is set forth in the statement of questions involved, Appellant makes two arguments in support of this issue; first that trial counsel was ineffective for failing to file a direct appeal as requested, and; second, that trial counsel was ineffective for failing to consult with

---

[13] One of the panel members dissented, concluding that Appellant waived his failure to consult claim by failing to pursue it in the PCRA court. **See** Pa.R.A.P. 302(a).

[14] On March 16, 2015, Appellant filed a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On May 11, 2015, the trial court issued its Rule 1925(a) opinion.

Appellant regarding the advantages and disadvantages of an appeal. *Id*. at 14-17.[15]

> It is well-settled that:
>
> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

As a preliminary matter, the Commonwealth argues that Appellant waived all issues on appeal for failure to include a transcript of the status conference held after remand. Pursuant to Pennsylvania Rules of Appellate Procedure 1911, 1921, 1922, and 2101, this Court may find an issue waived if the appellant fails to request that notes of testimony necessary for our disposition of an appeal be transcribed. These rules, however, do not require that all notes of testimony be transcribed. Instead, only those notes of testimony that are **necessary** for our review must be transcribed. *See Commonwealth v. Peifer*, 730 A.2d 489, 493 (Pa. Super. 1999), *appeal*

---

[15] We note that Appellant's concise statement raises both issues that "trial counsel was ineffective for not filing a direct appeal" and "trial counsel was ineffective in that he did not adequately consult with [Appellant] regarding the advantages and disadvantages of taking an appeal." Appellant's Statement of Matters Complained of on Appeal.

*denied*, 743 A.2d 918 (Pa. 1999). The notes of testimony from the status conference are unnecessary for our disposition of this appeal. Accordingly, we decline to find waiver on this basis.

Turning to the merits of this appeal, Appellant first claims that trial counsel was ineffective for failing to file a direct appeal as requested by Appellant. Failure by counsel to file a direct appeal, when requested by a client constitutes *per se* ineffectiveness and entitles the petitioner to reinstatement of his direct appellate rights *nunc pro tunc*. **Commonwealth v. Hernandez**, 755 A.2d 1, 6 (Pa. Super. 2000), *aff'd in part*, 817 A.2d 479 (Pa. 2003).

In this case, the PCRA court found that trial counsel testified credibly when he stated that Appellant did not request he file a notice of appeal, either orally or in writing. The PCRA court further found that Appellant lacked credibility when he testified that he asked trial counsel to file a direct appeal. We cannot disturb this determination. **See Commonwealth v. Battle**, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court). Hence, this aspect of Appellant's ineffectiveness claim fails. **See Commonwealth v. McDermitt**, 66 A.3d 810, 814 (Pa. Super. 2013).

Appellant next claims that his trial counsel failed to consult with him regarding the filing of an appeal.[16]  The Supreme Court of the United States explained that

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  Consult means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."

*Commonwealth v. Donaghy*, 33 A.3d 12, 15 (Pa. Super. 2011), *appeal denied*, 40 A.3d 120 (Pa. 2012) (citation omitted).  Furthermore:

> A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must . . . demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.

*Commonwealth v. Carter*, 21 A.3d 680, 683 (Pa. Super. 2011) (internal quotation marks and citation omitted).

_____

[16] We are skeptical, based upon our review of the record, that Appellant properly preserved his failure to consult claim within the context of the initial appeal.  Nevertheless, a majority of the first panel found that the issue was preserved and, as we are bound by the law of the case doctrine, we likewise find that Appellant properly preserved the issue in the PCRA court. *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) ("[u]pon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court").

In its Rule 1925(a) opinion, the PCRA court stated that "[trial counsel] consulted with [Appellant] following the sentencing and advised him . . . . regarding potential advantages and disadvantages of appealing the sentence." PCRA Court Opinion, 5/11/15, at 4. We conclude that this finding is unsupported by the record. At the June 13, 2013 evidentiary hearing, the PCRA court stated:

> I find [Appellant] to be not a credible witness. And I especially find the assertion that [trial counsel] told him that he should not appeal [not credible]. It would not be a good idea to appeal. I'm paraphrasing. Because he could get more time when, number one, that's bad law to keep the same judge. Something called a presumption of vindictiveness, which I'm sure we'[re] all familiar with.
>
> A judge cannot give a defendant more time if he files a motion for reconsideration or an appeal because without additional information it comes to the judge's attention that is presumed to be vindictive.
>
> Second point, which really makes this absurd, is that because the guidelines allowed me to give him maximum sentences for three of the crimes, and the last sentence which was not a maximum sentence was only, what, ten months short of the maximum sentence. . . . I don't believe that conversation ever took place between [Appellant and trial counsel.]

N.T., 6/13/13, at 34-35.

The only support in the record for the contention that consultation occurred was Appellant's testimony that trial counsel told him that appealing could result in a harsher sentence. *See id.* at 8. The PCRA court found Appellant's testimony in this regard unworthy of belief. Moreover, trial counsel testified that he did not recall consulting with Appellant other than

- 8 -

giving the recitation of direct appeal rights. *See id.* at 23. As the PCRA court found Appellant's testimony to not be credible and trial counsel testified that he did not recall consulting with Appellant, there is no support in the record for the court's finding that consultation occurred. Thus, we are constrained to conclude that Appellant pled and proved that there was no consultation.

The PCRA court also stated in his Rule 1925(a) opinion that, even if no consultation occurred, Appellant suffered no prejudice. PCRA Court Opinion, 5/11/15, at 3. This goes directly against the PCRA court's statements made during the evidentiary hearing on June 13, 2013. As the PCRA court aptly pointed out at the evidentiary hearing, there was almost no downside to filing a direct appeal as Appellant received close to the maximum sentence possible. If Appellant prevailed on appeal, theoretically, he could receive ten more months when resentenced; however, that would likely be seen as a vindictive sentence. On the other hand, there existed the possibility that Appellant could prevail on direct appeal.[17] Accordingly, we conclude that Appellant has pled and proven that he suffered prejudice as a result of counsel's failure to consult. *i.e.*, "that there is a reasonable probability that,

---

[17] This also explains why counsel had an obligation to consult, *i.e.*, "a rational defendant would want to appeal[.]" *Flores-Ortega*, 528 U.S. at 480. The Commonwealth argues that any direct appeal would lack merit. This may be true, however, we may not consider whether Appellant is likely to prevail on direct appeal when considering whether he should have his appellate rights reinstated.

but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." ***Carter***, 21 A.3d at 683. Accordingly, we reverse the PCRA court's order and remand for reinstatement of Appellant's direct appellate rights *nunc pro tunc*.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016