J-S04028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARQUIS JACKSON | |
| Appellant | No. 735 EDA 2019 |

Appeal from the PCRA Order entered March 1, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007141-2011

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 11, 2020**

Appellant, Marquis Jackson, appeals from the March 1, 2019 order entered in the Court of Common Pleas of Philadelphia County, denying his request for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

The PCRA court provided the following factual background from the trial court's Rule 1925(a) opinion:

> [O]n May 31, 2011, at approximately 9:40 p.m. [the complainant, Donzel Murril] was sitting in a parked vehicle with his girlfriend near the 7400 block of Edmund Street, Philadelphia.  The complainant was sitting in the driver's seat and his girlfriend, Verdell Goodman, was positioned in the passenger seat.  The complainant observed [Appellant] emerge from an alleyway and walk to a nearby corner.  Street lights illuminated the area and [Appellant] was not wearing clothing around his head or face. [Appellant] then walked to the driver's side of the complainant's vehicle, holding a firearm in his hand.  The complainant verbally greeted [Appellant], whom he knew for five or six years.

[Appellant] then discharged his firearm multiple times, striking the complainant in the leg, back and elbow.  The complainant then started his vehicle and drove briefly before stopping to permit Ms. Goodman to assume control.  When presented with a photo-array at the hospital, the complainant identified [Appellant].

. . . Ms. Goodman subsequently made a photo-array identification of [Appellant].

The Commonwealth also presented evidence relating to the intimidation of witnesses.  The complainant's mother, Ms. Dolly Evans testified that she was approached by two individuals on June 30, 2011 at a store located at Loring and Torresdale Avenue, Philadelphia.  Ms. Evans recognized one of the individuals and knew him as "Rob."  After a brief verbal exchange, the second individual struck Ms. Evans on the jaw, stating "take this message to your son."  . . . The complainant testified that he was also approached by Rob on the same date and at the same location.  The complainant knew Rob as a local resident and frequently observed him in [Appellant's] company.  The complainant further characterized Rob as [Appellant's] "right-hand man."  Rob inquired "why you go to court on my young boy?" and followed up, stating "suppose I come and shoot your house up."

PCRA Court Opinion, 6/28/19, at 2 (quoting Trial Court Rule 1925(a) Opinion, 12/18/13, at 2-3).[1]

A jury found Appellant guilty on January 17, 2013 of attempted murder, aggravated assault, simple assault, recklessly endangering another person, possession of instrument of a crime (PIC), and carrying a firearm in public in Philadelphia.  *Id.*  The trial judge sentenced Appellant to a term of 18 to 36 years in prison for attempted murder, and concurrent terms of two and a half

---

[1] Following the retirement of the trial court judge, the Honorable Earl W. Trent, Jr., the Honorable Genece E. Brinkley was assigned to the PCRA proceedings.

to five years each for PIC and for carrying a firearm in public in Philadelphia. No additional penalties were imposed. *Id.*

On April 16, 2013, Appellant filed a post-sentence motion seeking a new trial based on weight of the evidence and arguing the trial court imposed an excessive sentence. On April 29, 2013, the trial court denied the motion. *Id.*

Appellant filed an appeal to this Court and complied with the trial court's directive to file a Rule 1925(b) statement of errors. Appellant later requested, and was granted, the opportunity to file an amended Rule 1925(b) statement.

On May 29, 2015, we affirmed Appellant's judgment of sentence. Our Supreme Court denied his petition for allowance of appeal on October 7, 2015. *Id.*

On September 8, 2016, Appellant filed a *pro se* PCRA petition. Appointed counsel filed an amended petition followed by a second amended petition. The Commonwealth filed a motion to dismiss and, on January 29, 2019, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. On March 1, 2019, the PCRA court dismissed the petition as meritless. This timely appeal followed. The PCRA court did not order a Rule 1925(b) statement but did issue a Rule 1925(a) opinion on June 28, 2019 explaining that the court properly dismissed Appellant's PCRA petition without an evidentiary hearing based on lack of merit.

On appeal, Appellant presents two issues for our consideration:

I.       Is appellant entitled to appeal nunc pro tunc from the judgment of sentence when appellate defense counsel in the appeal from the judgment of sentence waived all issues on appeal except an issue that was moot?

II.      Did the [PCRA] court err in denying an evidentiary hearing in this case because [Appellant] raised a material issue of fact that trial defense counsel was ineffective in failing to request a motive/lack of motive charge from the trial court when the prosecutor in argument when addressing the lack of motive evidence told the jury that it does not have to prove motive?

Appellant's Brief at 2.

As this Court reiterated in **Commonwealth v. Beatty**, 207 A.3d 957

(Pa. Super. 2019):

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa. Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).

*Id.* at 960-61.

In his first issue, Appellant contends the PCRA court erred in denying

Appellant the opportunity to file a direct appeal *nunc pro tunc* in light of direct

appeal counsel's waiver of "all issues on appeal except an issue that was

moot." Appellant's Brief at 2. Appellant first raised this issue in his Amended

PCRA Petition filed on June 12, 2017. In that amended petition, Appellant

alleged:

> [Appellant's] appellate defense counsel was ineffective because counsel raised no issue on appeal because counsel filed a vague 1925(b) statement and did not cite to the record as a result of this failure all issues were waived. As a result of this [Appellant] lost [his] state constitutional right to appeal the judgment of sentence in the above matters.

Amended PCRA Petition, 6/12/17, at ¶ 4a. He included a prayer for relief, which we repeat here verbatim, requesting "that his post sentence rights including the right file motion to post sentence motions and to appeal be reinstated *nunc pro tunc* or that he be granted an evidentiary hearing." *Id.* at 2.

Our review of the memorandum opinion issued by this Court on direct appeal reveals that Appellant raised two issues. The first claimed trial court errors for granting a motion to consolidate Appellant's trial with that of Robinson (referred to as "Rob" in the quoted excerpt from the trial court's Rule 1925(b) opinion) and for admitting evidence that Robinson approached the complainant in an attempt to intimidate him. *Commonwealth v. Jackson*, 1292 EDA 2013, unpublished memorandum at 5 (Pa. Super. filed May 29, 2015). This Court found the claimed error regarding consolidation was moot because Robinson pled guilty before trial. *Id.* at 5-6. The Court then found the intimidation evidence issue waived for failure to provide record citations to demonstrate that any evidence was erroneously admitted. *Id.* at 6-7. The Court then considered Appellant's second issue, which challenged the sufficiency of evidence to support his six convictions. The Court determined that Appellant's Rule 1925(b) statement failed to specify the

elements of the crimes he was challenging and, therefore, his sufficiency claims were waived. *Id.* at 8-9. Having concluded "Appellant's issues are devoid of merit or waived," the Court affirmed Appellant's judgment of sentence. *Id.* at 9.

As mentioned above, on appeal from denial of Appellant's petition, the PCRA court did not direct Appellant to file a Rule 1925(b) statement of errors complained of on appeal. Therefore, even though Appellant asserted entitlement to a direct appeal *nunc pro* tunc in his amended PCRA Petition, the PCRA court did not address the issue. Regardless, Appellant is not entitled to a direct appeal *nunc pro tunc*.

As this Court recognized in **Commonwealth v. Pulanco**, 954 A.2d 639 (Pa. Super. 2008),

> It is well settled that when direct appeal counsel files a Pa.R.A.P.1925(b) statement that fails to preserve **any** issues for appellate review, the PCRA court may reinstate the petitioner's direct appeal rights *nunc pro tunc.* **Commonwealth v. Johnson**, 889 A.2d 620, 623 (Pa. Super. 2005) (citing **Commonwealth v. Hernandez**, 755 A.2d 1, 8–9 n. 4 (Pa. Super. 2000) (finding that a PCRA petitioner is entitled to a direct appeal *nunc pro tunc* where prior counsel caused his sole direct appellate claim to be waived), *affirmed in part*, 572 Pa. 477, 817 A.2d 479 (2003)). However, in the case *sub judice,* Appellant has had appellate review of some, albeit not all, of his issues. There is no right to the reinstatement of appellate rights *nunc pro tunc* in this instance. **Commonwealth v. Halley**, 582 Pa. 164, 173, 870 A.2d 795, 801 (2005) (citing **Hernandez**, 755 A.2d at 9 n. 4 ("[A] PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, **as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal**.") (emphasis added)).

- 6 -

Accordingly, because Appellant did have a direct appeal addressing some of his issues, he was not entitled to the reinstatement of his direct appeal rights *nunc pro tunc*. Appellant's PCRA petition could not be considered as a petition for a *nunc pro tunc* appeal, and he was required to avail himself of the PCRA process. *Hernandez*, 755 A.2d at 9 n. 4. Thus, the trial court was required to conduct a PCRA analysis as to the merits of the issues raised in his petition. Where some but not all of the petitioner's issues have been addressed, "the PCRA petitioner's right to a direct appeal was not entirely denied by counsel's ineffectiveness, and, therefore, he must establish that counsel's ineffectiveness so undermined the truth-determining process so as to render unreliable the adjudication of guilt or innocence." *Id.*

*Id.* at 642.

When analyzing claims of ineffectiveness under the PCRA,

we begin with the presumption counsel is effective. *Commonwealth v. Robinson*, 623 Pa. 345, 82 A.3d 998, 1005 (2013). To prevail on an ineffectiveness claim, appellant must satisfy, by a preponderance of the evidence, the performance and prejudice standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Pennsylvania, we have applied *Strickland* by looking to three elements an appellant must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987).

*Commonwealth v. Hannibal*, 156 A.3d 197, 206-07 (Pa. 2016). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; if a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first." *Id.* at 207.

The failure to satisfy any prong of the ineffectiveness test defeats the claim. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011).

While we cannot state with any certainty why the PCRA court did not did discuss Appellant's request for reinstatement of appeal rights *nunc pro tunc*, under **Pulanco**, it is clear that Appellant was not entitled to a *nunc pro tunc* appeal. Therefore, the PCRA court was required to conduct a PCRA analysis as to the merits of Appellant's issues. Here, the PCRA court did exactly that. The court addressed Appellant's claim that an allegedly vague Rule 1925(b) statement on direct appeal resulted in waiver of all issues on appeal. Based on its review of the record from the direct appeal, the PCRA court concluded the claim lacked arguable merit and determined Appellant was unable to establish he was prejudiced by direct appeal counsel's actions. PCRA Court Opinion, 6/28/19, at 6-8.

With respect to the claims involving intimidation by "Rob," the court explained that even with citations to evidence regarding intimidation, the claim was first raised on appeal. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. ***Id.*** at 9. Regarding the sufficiency claims, this Court on direct appeal determined that Appellant failed to specify which elements of the various crimes Appellant was challenging. However, as the PCRA court explained, even if Appellant had specified the element, he would not be entitled to relief. ***Id.*** The PCRA court considered the trial court's analysis of Appellant's sufficiency claims, ***see id.***

at 9-10, and concluded the trial court's "opinion make clear that the evidence presented at trial was sufficient to support finding [Appellant] guilty on all charges and even if appellate counsel had specified the elements and charges being challenged, his argument would be without merit." *Id.* at 10 (some capitalization omitted).

Based on our review, we find the evidence of record supports the PCRA court's determination and conclude its disposition of Appellant's first issue is free of legal error. Appellant was not entitled to reinstatement of his direct appeal rights *nunc pro tunc*. Further, he failed to establish that his claim had arguable merit or that he was prejudiced as a result of counsel's actions. Appellant's first issue fails.

In his second issue, Appellant argues the trial court erred in denying an evidentiary hearing to address trial counsel's failure to request a motive/lack of motive jury instruction. As our Supreme Court explained in **Hannibal**:

> We preliminarily note the PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied "'there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'" **Commonwealth v. Roney**, 622 Pa. 1, 79 A.3d 595, 604 (2013), *quoting* **Commonwealth v. Paddy**, 609 Pa. 272, 15 A.3d 431, 442 (2011), *quoting* Pa.R.Crim.P. 909(B)(2). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Roney**, 79 A.3d at 604–05, *quoting* **Commonwealth v. D'Amato,** 579 Pa. 490, 856 A.2d 806, 820 (2004).

*Id.*, 156 A.3d at 207. The PCRA court's decision to deny a request for an evidentiary hearing "is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

Appellant argues the PCRA court should have conducted an evidentiary hearing to consider his claim of trial counsel ineffectiveness based on failure to request a jury instruction. The instruction at issue is Pennsylvania Suggested Jury Instruction, Criminal, § 3.13., which provides:

1. In my instructions, I have given you the legal definition of the crime charged. Motive is not a part of that definition. The Commonwealth is not required to prove a motive for the commission of the crime charged.

2. However, you should consider the evidence of motive or lack of motive. Knowledge of human nature tells us that an ordinary person is more likely to commit a crime if he or she had a motive than if he or she has none. You should weigh and consider the evidence tending to show [motive] [absence of motive] along with all the other evidence in deciding whether the defendant is guilty or not guilty. It is entirely up to you to determine what weight should be given the evidence concerning motive.

Pa. SSJI (Crim.) 3.13 (2016).

The PCRA court rejected Appellant's jury instruction claim, noting:

First, [Appellant] failed to show that his underlying claim has any merit. The text of the jury instruction makes clear that motive need not be proved in order for the Commonwealth to meet its burden in proving that [Appellant] committed the charged offenses. Second, since the Commonwealth did not have to prove motive, trial counsel had a reasonable basis for not requesting the jury instruction. Third, and similarly, since the Commonwealth did not need to prove motive, a request for the instruction from trial counsel would not have reasonably changed that outcome of

- 10 -

trial. ***Commonwealth v. Bond***, 819 A.2d 33 (Pa. 2002). This is especially true given the evidence admitted at trial establishing that [Appellant] was the person who shot Murill, regardless of the motivation behind the offense. Thus, trial counsel was not ineffective for not requesting a jury instruction for motive.

PCRA Court Opinion, 6/28/19, at 12 (some capitalization omitted).

As noted above, the failure to prove any prong of the ineffectiveness test will defeat a claim of ineffectiveness. Here, the PCRA court determined not only that the jury instruction claim lacked merit, but also that counsel had a reasonable basis for not requesting the instruction and that a request for an instruction would not have changed the outcome of the trial. Appellant did not raise a genuine issue of fact entitling him to relief, and failed to prove that the court abused its discretion in denying an evidentiary hearing. Because the evidence of record supports the PCRA court's determination and because the court did not abuse its discretion when it dismissed Appellant's petition without an evidentiary hearing, Appellant is not entitled to relief on his second issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/20

- 11 -