J-S26027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EYADE KOMADEGA KOUBIDINA | : | |
| | : | |
| Appellant | : | No. 249 MDA 2024 |

Appeal from the PCRA Order Entered January 16, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006183-2011

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.: **FILED: JANUARY 8, 2025**

Appellant, Eyade Komadega Koubidina, appeals from the order entered on January 16, 2024, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-954. Appellant's counsel filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). On September 24, 2024, this Court denied the petition to withdraw as deficient and instructed Appellant's counsel to either file an advocate's brief or to refile the ***Turner***/***Finley*** brief and application to withdraw with proper service to Appellant. On October 22, 2024, counsel for Appellant filed an amended ***Turner***/***Finley*** brief and amended application to withdraw. After careful review, we grant counsel's amended petition to withdraw and affirm the trial court's order dismissing Appellant's PCRA petition.

We previously determined:

[Appellant] was [] charged with one count of aggravated indecent assault, involuntary deviate sexual intercourse (IDSI), indecent assault, corruption of minors and unlawful contact with minor (sexual offenses). Following a jury trial on April 1, 2013, [Appellant] was found guilty on all counts. Thereafter, on July 15, 2013, the trial court sentenced [him] to the mandatory sentence of 10–20 years' imprisonment for the IDSI [conviction with some of the charges] merg[ing] with IDSI for sentencing purposes. Additionally, the trial court imposed a concurrent period of seven years' probation [for] corruption of minors.

*Commonwealth v. Koubidina*, 2014 WL 10889649, at *2 (Pa. Super. 2014) (non-precedential decision). We affirmed Appellant's judgment of sentence in a non-precedential decision filed on August 28, 2014. Appellant did not seek further review.

On September 8, 2022, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. After several extensions of time were granted, counsel for Appellant filed an amended PCRA petition on September 28, 2023. By order entered on January 16, 2024, the PCRA court denied Appellant's untimely petition for lack of jurisdiction, after concluding it was not subject to a timeliness exception under the PCRA. This timely appeal resulted.[1]

---

[1] On February 14, 2024, counsel for Appellant filed a notice of appeal. On February 15, 2024, the PCRA court directed counsel to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 2, 2024, counsel complied. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 4, 2024.

"Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel." ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016) (citation omitted). This Court has held:

> Counsel petitioning to withdraw from PCRA representation must proceed [] under [***Turner***/***Finley***.] ***Turner***/***Finley*** counsel must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the [immediate] right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (internal citations and quotations omitted). Here, counsel has satisfied all of the above procedural requirements in her amended filings.

We now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition. "In reviewing the propriety of the PCRA court's denial of a petition for relief, we are limited to determining whether the record supports the court's findings, and whether the

order is otherwise free of legal error." ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001) (citations omitted). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Id.*** (citation omitted).

Counsel's amended ***Turner***/***Finley*** brief presents the following claim for our consideration:

I. Whether the PCRA [c]ourt abused its discretion and committed legal error when it declined to convene a PCRA evidentiary hearing to make findings of fact and conclusions of law with respect to whether Appellant meets an exception to the one-year limitation pursuant to 42 Pa.[C.S.A.] § 9545(b)(i)-(ii)?

***Turner***/***Finley*** Brief at 3.[2]

The timing requirements for filing a PCRA petition are as follows:

(b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[2] On November 13, 2024, Appellant filed a *pro se* response to counsel's amended filings. Appellant, however, does not address the timeliness of his PCRA petition or the jurisdiction of the PCRA court. Instead, Appellant claims that he was falsely accused and asserts his innocence, arguing there was no DNA evidence specifically linking him to the crimes.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

We have previously stated:

Given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. Moreover, these provisions apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. Thus, as a general rule, the fact that counsel failed to file a direct appeal and thereby denied an appellant his constitutional right to a direct appeal [will] not save [an] appellant's PCRA petition from the timeliness requirements of Section 9545(b).

*Carr*, 768 A.2d at 1167 (internal citations and quotations omitted). "Therefore, if a PCRA petition is not filed within one year of the date that the judgment of sentence becomes final[,] or is not eligible for one of the three limited statutory exceptions to the timeliness requirement[, …] then the court has no jurisdiction to address the substantive merits of the petition." *Id.* (citation omitted).

As we further explained:

Trial counsel's failure to file a direct appeal [is] discoverable during [the] one-year window to file a timely PCRA petition. [T]he expiration of [the] time to file a direct appeal initiate[s] the PCRA's one-year clock [and, thus, provides an appellant] a full year to learn if a direct appeal had been filed on his behalf. A phone call

- 5 -

to his attorney or the clerk of courts would [] readily reveal[ if] no appeal had been filed. Due diligence requires that [an a]ppellant take such steps to protect his own interests. The mere fact that [an a]ppellant alleges his trial counsel was ineffective for not filing his appeal does not save his petition from the PCRA's timeliness requirements[.] [A] PCRA court lack[s] jurisdiction to entertain [an untimely] petition for relief [that is not subject to an exception].

*Id.* at 1168 (citations omitted; brackets added).

Here, we affirmed Appellant's judgment of sentence on August 28, 2014. Appellant did not seek further review. Therefore, Appellant's judgment of sentence became final on Monday, September 29, 2014. *See Commonwealth v. Hernandez*, 755 A.2d 1, 10 (Pa. Super. 2000) (judgment of sentence became final when 30-day period for filing a petition for allowance of appeal to our Supreme Court from our Court's decision affirming the judgment of sentence has expired); *see also* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any [filing] period shall fall on Saturday or Sunday ... such day[(s)] shall be omitted from the computation"). Appellant had one year from September 29, 2014, to file a PCRA petition alleging claims for collateral relief, including a claim which asserted ineffective assistance of counsel for failing to perfect a requested appeal. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant, however, did not file his PCRA petition until September 8, 2022, almost seven years after his judgment of sentence became final. Hence, Appellant's petition was patently untimely. Moreover, after carefully reviewing the opinions of the trial and PCRA courts, the submissions of the parties, and the certified record, we are convinced that

- 6 -

Appellant's petition is not subject to an exception to the PCRA's one-year timing requirement. As such, the PCRA court did not err in dismissing Appellant's PCRA petition for lack of jurisdiction. Accordingly, we agree with appointed counsel that the current appeal has no merit, we grant counsel's amended motion to withdraw, and we affirm the order dismissing Appellant's petition for PCRA relief.

Order affirmed. Amended petition to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/08/2025